## Bard et ux. v. Bard.

Aug. 3, 1943.

Astor Hogg for appellants.

J. K. Beasley for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On July 9, 1943, appellee, mother of Cecil A. Bard, an infant two years of age, filed her petition in the Harlan county court asserting that she was the mother and was entitled to its lawful possession; that Mr. and Mrs. C. V. Bard had taken possession of the child, and were unlawfully restraining him of his liberty. She alleged that she and her husband, C. V. Bard, Jr., had been divorced for about two years, and since then she has had the custody of the child, "taken care of and supported it; that she let the child come to Harlan from New York with her sister for a visit to the grandparents pursuant to their request, and they asked that the child be permitted to stay a month, and at the end of that time refused to let the child return."

Based on these allegations, petitioner asked an order directing the child to be returned to her. Summons was issued against appellants (respondents), and before answer they demurred specially, on the ground that the petition did not allege that the circuit judge was absent from Harlan County. Subsections 1 and 2 of sec. 399 Criminal Code of Practice. The court overruled special demurrer and appellants answered, deny-

ing restraint, admitting the child was brought to them but not for a visit, saying that they did not request that the child be left to remain one month. Affirmatively they allege that they are the parents of the child's father; that he is in war service; that "it is his request that they keep the child; that when it came to live with them it was in need of medical attention which the mother failed to provide, but which they secured and restored the child to health." They allege "that recent communications coming to their hands clearly show that the mother is not the right person to have the custody of the child," and that they "are willing and anxious to rear the child and bring him up in the proper atmosphere," and ask that the writ be denied.

The court heard evidence, and finding "to the satisfaction of the county judge that Judge J. S. Forester is absent from the State of Kentucky" rendered judgment directing the grandparents to surrender custody. Appeal was granted and the grandparents executed supersedeas. Criminal Code of Practice, 1941 Supp. 429-1-2. Appeal was filed within ten days. Criminal Code of Practice, sec. 429-1.

At the outset we are met by appellants' contention that the trial judge was without jurisdiction to issue the writ or hear the case, this based on the assertion that the petition failed to allege absence of the circuit judge from the County. Criminal Code, supra. It may be noted that the trial court found from the proof, admitted without objection, that the circuit judge was absent from the State. There was no effort on the part of appellants to show otherwise. The statute vests the county judge with jurisdiction under such circumstances, and he had the right to determine the question of jurisdiction, and correctly decided it in the absence of contrary showing. Chiles v. Sheffer's Ex'rs, 146 Ky. 42, 141 S. W. 369. Where under certain circumstances an inferior court is vested with jurisdiction, which is challenged, it is incumbent upon the one asserting the lack to show the same by proof of the fact. Com. v. Carmackle, 192 Ky. 171, 232 S. W. 644.

It is hardly necessary to review in detail the meager proof offered in such an important matter, involving as it does the welfare of an infant of tender years. Counsel for appellant argues that extracts from a letter written by the mother to the husband overseas, and which

was forwarded to the grandmother, show conclusively that the mother is not a fit person to have custody of the infant. We have carefully read the letter and cannot reach the conclusion that it manifests an unfitness. It reflected more upon past treatment of the wife and boy by the husband, and was more to the effect that the mother did not desire that he should have either custody or rights of visitation, a matter not before the trial court. As we read the proof, the grandmother was motivated in her effort to retain custody by the direction of the son to refuse its surrender.

The proof shows that the mother is and has been living with her married sister and her family in New York. She is earning $25 per week, and is apparently restored to good health. There is no evidence showing that she is unable to provide for the child or unfit to have the custody. The grandmother does not intimate that she is not of good repute. Her entire objection is based, as said, on her construction of the letter, and the suggestion of her son. The record does not endeavor to show the financial status of the grandparents, though it may be gathered that they are qualified, and possessed of enough of the world's goods to care for and properly maintain the boy. It is gathered from the proof that the husband has, during the time the boy was with his grandparents, contributed $200 to his support, and either from or through some Army agency they have received $25 per month. The father's duty to contribute to the child's support remains, regardless of who has its custody, and no doubt under Army regulations a portion of his pay will or should continue to be administered for his maintenance. Savage v. Savage, 289 Ky. 510, 159 S. W. (2d) 44.

Under the state of case presented, where there is perhaps equal balance as to ability and other qualifications of the contending parties to look after the child's welfare, which after all is the chief concern of the courts (Davis v. Davis, 289 Ky. 618, 159 S. W. (2d) 999), the scale must turn in favor of the natural mother. Our statute is exemplary of the rights of the parents of a child to its custody as against others, KRS 405.020.

We have frequently held that the parent is primarily entitled to the custody of minor children, except where the parent is shown to be unfit, or the placing of its custody elsewhere would better contribute to its

welfare. Staggs v. Sparks, 286 Ky. 398, 150 S. W. (2d) 690. What we said recently in Altemeier v. Rachford, 291 Ky. 845, 165 S. W. (2d) 848, 850 is applicable and conclusive here.

> "While appellee [here appellant] appears to be a sincere and devoted grandmother, providing to the best of her ability the proper up-bringing and education of her grandchild, there is nothing in the record which suggests that her home is in any respect more desirable or suitable for Patricia than that which her mother is now able to provide for her; or that appellee has the financial resources to provide her with more of the world's goods. Though we are reluctant to sever the tie created by the grandmother's devotion, we find nothing to sustain the contention that the child's welfare would be promoted by denying the superior right of her mother to her custody."

The foregoing is not nor shall it be taken as conclusive or as reflecting in any way on the right of the husband and father, now in the Armed Service, to assert any claim he may choose either to the custody or right of visitation to the child. The judgment below only went to the extent of holding that as between appellants and the mother the former should surrender custody to the mother, and as so rendered is now affirmed.