## Koons v. Koons.

Nov. 19, 1943.

Holland G. Bryan for appellant.

Adrian H. Terrell for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The parties to this action were married on July 16, 1928. They separated on June 10, 1939, and nine days later executed a contract by which they settled their property rights, and in which appellant agreed to pay appellee, for the support of herself and children, $50

per month for a period of five years, after which, or upon her remarriage, the payments were to be reduced to $25 per month and used for the support of the children only. The agreement further provided that the payments were to be made to the appellee "wherever she may reside;" that appellant should have the right to visit the children at all reasonable times; and that if he so desired, he might have them visit him "for as long as one week in the spring and one week in the Fall of each calendar year, but at his expense."

On January 13, 1940, appellee instituted this action alleging the facts above recited, and that subsequent to the execution of the contract she and the appellant had become reconciled and lived together, thus nullifying the contract, but that the appellant had again been guilty of misconduct and abandoned her, and was threatening to dispose of his property so as to defeat her claim for alimony and support of the children. She sought and obtained an attachment against his wages, and thereafter, the appellant filed an answer traversing the allegations of the petition, claiming that the appellant had abandoned him, and asking that he be allowed to pay $25 per month in fulfilling his obligation to support the children. On February 14, 1940, an agreed judgment was entered which incorporated and carried into effect the terms of a contract executed by the parties on February 12, 1940, by which the appellant agreed to pay appellee for the support of herself and children $40 per month during a period of five years from that date, after which, or upon appellee's re-marriage, the payments were to be reduced to $25 per month and used for the support of the children only. Incorporated in the second contract were provisions respecting the custody of the children similar to those contained in the first contract, except that appellant's right to have the children visit him one week in the spring and one week in the fall was qualified by the added provision, "so long as said visits do not interfere with the attendance of said children in school." Pursuant to the allegations of an amended petition filed on August 15, 1940, and the proof taken thereon, the appellee, on March 5, 1941, was granted an absolute divorce, the judgment noting that the property rights and the custody of the children had been settled by a previous judgment. From time to time the appellee had procured attachments against appellant's salary in order to enforce compliance with his

obligations to support her and her children, and on April 28, 1941, an order was entered reciting that the appellant filed "his petition for the custody of the children of plaintiff and defendant who are now in the custody of plaintiff."

This petition does not appear to have been copied in the Clerk's transcript. However, on June 20, 1941, appellant filed a pleading which the parties agreed might be controverted of record, alleging:

"Comes the defendant, with leave of Court and files this pleading, which he designates as a cross-petition and counterclaim and answer, and states to the Court that since the original proceedings were had in this case he has discovered certain facts which he did not then know, and which lead him to believe and he does now believe, and he now states, that the plaintiff, Anita Koons is not a fit or proper person to have the care, custody and control of their infant children. He states that he is the proper person to have the custody of said children and is able to and will provide them a proper home and surroundings and livelihood.

"Wherefore, defendant, Dwight Koons, prays the Court to rescind the order heretofore made herein concerning the custody of the children, and to give said children into the custody of this defendant."

Preceding the filing of the pleading referred to, the parties had taken proof, and on November 4, 1941, the Court entered a supplemental judgment dismissing appellant's pleading seeking the custody of his children, adjudging appellee a recovery of the sums accrued under the contract referred to, and decreeing that the judgment entered on February 12, 1940, incorporating the contract, should remain in full force and effect, except to the extent that it was modified by the supplemental judgment. The modification referred to consisted of a provision that appellant "* * * shall further have the right to have said children visit him at his home in Paducah, Kentucky at such times and for such periods as the Court may direct, provided the parties hereto are unable to agree upon the time and periods of such visits, and provided further that the defendant shall either pay to the Clerk of this Court a sufficient amount for the traveling expenses of said children to and from Paducah or furnish to them through the Clerk a railroad pass when making such visits."

The necessity for the modification arose out of the fact that the appellee, sometime prior to the execution of the second contract, had left Paducah with her children and taken up her abode with her parents in McClain, Illinois, where, the proof shows, the children were provided with a comfortable and proper home. Appellant, according to his testimony, had not seen them since he had visited his sister who lived in Clinton, Illinois, eighteen miles from McClain, in February, 1941. On that occasion he had taken the children with him to his sister's house and returned them to their grandparents at McClain. His claim that appellee took the children out of the State and did not permit them to visit him in Paducah, constitutes the major ground on which he seeks a reversal of the supplementary judgment, notwithstanding the fact that it fully protects his rights, and imposes upon him no greater financial burden than that which he voluntarily assumed. While appellant, by his testimony, and also through the brief of his counsel, casts serious aspersions upon appellee's character, nevertheless, neither his testimony, nor that of the witnesses introduced by him, is sufficient to establish that she is not a fit and proper person to have the care and custody of her children. If he, as appellee claims and he denies, was responsible for her pregnancy occuring after the separation but before the divorce, no person cognizant of the difficulties surrounding a woman in a situation such as that in which the appellant had placed the appellee, could condemn her to the extent of holding her unfit to have the custody of the children to whom she had given birth merely because she sought and obtained the aid of a physician in avoiding the consequence of a conception which had taken place only a few weeks previously. In any event, appellant seems to have been willing to assist her in bringing about a miscarriage. The testimony concerning her other alleged misconduct is, as his counsel confesses, rather weak, and, on the whole, we prefer to believe her version, and that appellant's suspicions and charges against her have been incited, to a large extent at least, by his desire to escape the financial burdens imposed upon him by his contracts.

Moreover, the alleged failure and refusal of appellee to send the children to Paducah to visit appellant are not shown either by pleading or proof, but appear in the record only through the statements contained in an unverified motion of appellant's counsel to reduce the

amount awarded appellee, filed prior to the granting of the divorce, and in appellant's response to a rule issued after the entry of the judgment appealed from.

The so-called "Cross-Petition, Counterclaim, and Answer" filed on June 20, 1941, in which appellant sought the custody of his children, is silent on the subject; and the agreement incorporated in the original judgment, and approved by the supplemental judgment, does not require the appellee to keep the children in Kentucky. At all events, the supplemental judgment from which the appeal is prosecuted does not deny, but, on the contrary, decrees appellant's right to visit his children and have them visit him under proper conditions, a right, which the record would seem to indicate, appellant prefers to use as a shield against appellee's demands, rather than as a means of gratifying any love or affection he may have for his children. The only question concretely presented by the record for determination is whether appellee has been shown to be unfit to have the custody of her children. On this subject we have heretofore expressed our views, although the controlling factor which induces us to affirm the judgment is our belief that the welfare of the children will be best secured by permitting them to remain in the custody of their mother, at least while she has them with her at the home of their grandparents where they are provided with far better and more wholesome surroundings than appellant has shown himself willing or able to provide.

Judgment affirmed.