## Setser v. Caldwell et al.

May 25, 1945.

As Modified and Extended

June 22, 1945.

H. L. Rudd and W. C. Robinson for appellant.

G. C. Allen for appellees.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Reversing.

This is an appeal brought pursuant to Section 429—1, Criminal Code of Practice, Acts 1940, c. 93, p. 375, sec. 2, providing right of appeal in habeas corpus cases, from an order of the judge of the Owsley county court, in a habeas corpus proceeding, refusing to order the respondent grandparents' discharge of appellant's two minor children from their alleged illegal detention.

The appeal from that judgment brings to us for review and final decision the controversy of the parties as to which of them, as between the mother and the grandparents, has the better claim or is entitled to have the custody of the mother's infant children.

The factual background out of which this controversy evolved is, as disclosed by the record, as follows: The appellant, Esther Stidham Setser, and Colonel Caldwell intermarried and to their union were born two children, a daughter, Shirley Caldwell, and a son, Bobbie Caldwell, who are now 9 and 5 years of age, respectively. Following the birth of the two named infants, the husband and father, in June 1941, filed suit for divorce against his wife (here appellant), wherein he was, upon constructive service, adjudged a divorce from appellant, and also was awarded the care and custody of their two infants. The record is silent as to what was the cause inducing his bringing of the suit for divorce or what was the ground upon which he, the father, rather than the mother was awarded the care and custody of their children of tender age. The judgment, therefore, is here competent as evidence only to the extent of establishing the two facts therein recited, (1) that the father was adjudged the divorce, and (2) was awarded the custody of the two infants.

Upon the father being inducted into the Army, he put both children in the custody of his parents, the appellees. Subsequently, the mother of the children, feeling that she was entitled to their custody in the absence of their father, filed in the Owsley County Court on October 19, 1944, her verified petition for a writ of habeas corpus against the respondent grandparents, averring that she was the mother of these infants, and was primarily entitled to have their custody and possession; that the respondents, ignoring her natural rights to the children, had wrongfully and unlawfully taken them and were unlawfully and without right restraining them by forcibly detaining and confining them in their home, thereby depriving her, their mother, of their lawful possession and custody, while she as their mother was entitled to their immediate possession and custody and that respondents' restraint of them was wholly without right and unlawful. Based on the allegations of her petition, she prayed for a writ of habeas corpus and an order directing that her children be at once delivered to her. The writ sought, based on the allegations of her petition, was at once issued to her by the court.

Upon trial under the writ the respondents filed no answer denying the allegations of the petition nor intro-

duced any proof attempting to show that the appellant was not a fit and suitable person to have the custody of her infant children, nor filed any response to the writ, other than, after the case had been pending upon submission for several days, counsel for respondents entered a motion, wherein they filed on respondents' behalf, a certified copy of the judgment of divorce rendered by the Owsley circuit court, which the father had some 3 years before obtained in his divorce proceeding against his wife and had also been awarded the custody of their minor children and on such evidence alone moved the court to dismiss the petition, which motion the court sustained and accordingly entered a judgment ordering that the plaintiff's petition be dismissed, and the children released to the respondents and that plaintiff take nothing thereby. To this order, plaintiff objected and excepted, and prayed for an appeal, which was granted.

In approaching our determination of the question as here presented, between the children's mother and their paternal grandparents, as to who, as between them, is entitled to be entrusted with the possession and custody of the children, it may be observed that the rule is that "ordinarily, the natural right of the parent will prevail in a contest between the parent and other persons, such as grandparents, who have had the custody of the child, * * *, and the parent is not chargeable with laches or forfeiture in having left the child with the other party. The attachment which such person acquires for the child will not be permitted to outweight the natural right of the parent to its custody." 39 Am. Jur. sec. 20, page 609; Stapleton, etc. v. Poynter, 111 Ky. 264, 62 S. W. 730, 23 Ky. Law Rep. 76, 53 L. R. A. 784, 98 Am. St. Rep. 411; Scott v. Kirkpatrick, 205 Ky. 700, 266 S. W. 390; Wacker v. Wacker, 279 Ky. 19, 129 S. W. 2d 1043; Bard v. Bard 295 Ky. 254, 173 S. W. 2d 569; Koons v. Koons, 295 Ky. 736, 175 S. W. 2d 510.

Also, the rule is that, "naturally no hard and fast rule can be laid down as to what is in the best interests of a child, but each case must be determined upon its own peculiar facts and circumstances. The court is in no case bound to deliver a child into the custody of any particular claimant. What will be for the best welfare of the child is a matter for the sound exercise of the discretion of the trial court. The present happiness and wel-

fare of the child at the time the case comes on for hearing, not past history of the case, is the controlling consideration.'' 39 Am. Jur., sec. 20, p. 609.

Therefore, the fact that the father may have been awarded in his divorce suit the custody of these infants is not now decisive as to best assurance of the present happiness and welfare of the children, and not past history of the case is the controlling consideration. ''Habeas corpus is a proper remedy to obtain the discharge of an infant from a detention which is illegal and to determine controversies concerning the right to the custody of the infant, at least under the conditions requisite to the issuance of the writ generally. Where the writ is availed of for the latter purpose, the proceeding partakes of the incidents of a suit in equity and is considered to be one in rem, the child being the res. * * * A court without jurisdiction to make an order designating a permanent custody for a child may have jurisdiction to make a temporary order of custody as incidental to its power to administer the summary remedy of habeas corpus.'' 25 Am. Jur., sec. 78, p. 202.

The writ of habeas corpus having been issued and served on the respondents, a return was made by the officer as required and although a return is not conclusive of the facts therein stated, the allegations thereof are taken as true until impeached and evidence is not needed to support the return where it is not controverted. Upon trial under this writ, no response was filed by the defendant grandparents, with the exception that there was filed in their behalf a certified copy of the judgment of divorce which the father earlier, in 1941, had obtained against his wife and wherein he was awarded the custody of the two infants.

In this state of the record it was erroneous to dismiss the petition and award the custody of the children to the grandparents, and the judgment must be reversed. On a return of the case appellees will be permitted to file their answer, and after the pleadings are made up, proof will be heard and the case disposed of on its merits.

The judgment is reversed for proceedings consistent with this opinion.