## Vetter v. Goff.

February 6, 1948.

W. Scott Miller, Judge.

Wade & Mapother for appellant.

Orrin W. Jenkins, Guy C. Shearer and Hardin H. Herr for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

John Robert Vetter, by this habeas corpus proceeding, seeks to obtain the custody of his infant daughter, Cadden Jane Vetter, now two years of age. The child is in the custody of her maternal grandmother, Mrs. Vida Goff. The proof was heard orally by the chancellor, who entered a judgment dismissing the plaintiff's petition.

Appellant met and married Dorothy Jane Goff, only child of appellee, while he was a member of the armed forces of the United States. He was discharged from the army in October, 1945, and thereafter he and his wife lived with her grandparents, Mr. and Mrs. Sam Downard, where appellee also lived. The child was born on December 31, 1945, and her mother, Dorothy Vetter, died on the following day, January 1, 1946. The proof shows that the child was born prematurely, weighed only five pounds and five ounces when taken to Mrs. Goff's home from the hospital about ten days after birth, was extremely delicate for many months, and still requires medical attention and special care, particularly in the preparation of her food. After the death of the child's mother, appellant went to the home of his parents to live. According to appellee, the appellant asked her to take the child and care for her, and a few weeks later when she sought to adopt the child the appellant refused to consent to the adoption, but said: "I told you that you could have her, and I will never take her from you." Appellant testified that he told appellee she could take care of the child until he was in a position to take her. The chancellor found that appellant agreed to surrender his statutory right to the custody of the child to appellee, and we are not disposed to disturb that finding. Appellant contends that the agreement, if any, was made when he was under great distress, and under the ruling of Turner v. Lee, 291 Ky. 395, 164 S. W. 2d 954, should not be upheld, but there is proof that the agreement was reaffirmed at a later period. The proof in support of an agreement freely made is stronger than in the Turner case. Such an agreement is valid in this state, Thompson v. Childers, 231 Ky. 179, 21 S. W. 2d 247, but, at most, only deprives the parent of his superior statutory right to custody and leaves for determination by a court of equity what is for the best interests of the child.

Fraze v. Grundy, 300 Ky. 613, 189 S. W. 2d 265; Staggs v. Sparks, 286 Ky. 398, 150 S. W. 2d 690; Taylor v. Trosper, 275 Ky. 259, 121 S. W. 2d 41; Bishop v. Bishop, 238 Ky. 702, 38 S. W. 2d 657. Appellant remarried about ten months after his first wife's death, and soon thereafter instituted this proceeding.

The proof in the instant case shows that the child is receiving the best of attention and care. Undoubtedly, she owes her life to the tender care she has received in her present home. Appellee lives with her father, Sam Downard, who owns a comfortable 6-room house located in a good neighborhood. The only occupants of the house are Mr. and Mrs. Downard, appellee and the child. Appellee is 42 years of age, and was employed by the Southern Bell Telephone and Telegraph Company for more than twenty years. On account of temporary ill health she ceased working about two years before proof was taken in this case, but she is again in good health and intends to resume her position with the Telephone Company where her wages amounted to slightly more than $50 a week. After four more years of service, she will be eligible for a pension of $50 a month. Appellant was 23 years of age and his present wife was 21 when they testified. They live with appellant's parents in a rented house in Louisville. The house has four bedrooms, a dining room and kitchen, and is occupied by seven persons, appellant and his wife, appellant's father and mother, his unmarried sister, and his married sister and her husband. Appellant works in a leather factory, and earns $28 a week. There is proof that the house occupied by appellant is not in good repair, and is located in a less desirable neighborhood than appellee's home. There were charges of excessive drinking on the part of appellant and his father, but appellant testified that he drinks, at most, a few bottles of beer during the weekend. A careful consideration of the evidence convinces us that it will be for the best interests of the child to remain in the custody of appellee, at least until there has been a material change of conditions.

The judgment is affirmed.