## Combs et al. v. Brewer et al.

May 10, 1949.

Don A. Ward and Dennis B. Wooton for appellants.

Clarence A. Noble for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

This is a habeas corpus action brought in the Perry County Court by Jason Combs against Everett and Myrtle Brewer to obtain custody of his 11 year old daughter, Barbara. The petition averred that the regular Circuit Judge, Hon. Sam M. Ward, was out of the county and the writ was issued and the trial conducted by Hon. Taylor Witt, Judge of the Perry County Court. See Criminal Code of Practice, sec. 399; Bard v. Bard, 295 Ky. 254, 173 S. W. 2d 569. Upon hearing the proof the court refused the writ and this appeal followed.

Barbara's parents, Jason and Viola Combs, for many years have lived as near neighbors to Everett and Myrtle Brewer, the latter being a sister of Mrs. Combs. The Brewers have two children, both of whom are grown and one married, while the Combs have four children. When Barbara was about one year old her mother was not in good health and the child's aunt, Mrs. Brewer, very kindly took the baby and cared for her. As Barbara grew and developed, she divided her time between the home of her parents and that of her aunt.

Mrs. Brewer became devoted to the child and has furnished a good part of her support and schooling, and for the last four years Barbara has lived more in the home of her aunt than in that of her parents. However, her father is employed by a coal company and earns from $35 to $75 a week and during the time Barbara has been in the Brewer home Mr. Combs has provided

her with clothes and other needs, as well as amusements. Combs owns his home and in addition to carrying a policy on Barbara covering hospitalization, health and burial insurance, he also carries a twenty-year policy which will pay her $2000 at maturity.

Nothing in the record reflects upon the parents of this child nor upon the Brewers. All parties appear to be upright, moral people, who move in the same social circle and possess about equal means. Either home is a suitable place for the proper rearing of Barbara, who appears to love her father and mother, as well as her aunt and uncle. All of these parties have treated the child well and have bestowed their love and affection upon her. The record shows that at one time Mrs. Brewer suggested to Mrs. Combs she would adopt Barbara, but Mrs. Combs refused. This litigation was precipitated when the Brewers expressed an intention of leaving Kentucky to make their home in another state and planned to take Barbara with them. However, the Brewers have abandoned their plan to move from the State, and the judgment recites they are not to take Barbara out of Perry County except on visits.

Before deciding the case the trial judge talked to the child privately in his chambers. He reported she told him she loved her parents and also loved the Brewers, but preferred to stay with the latter because her older sister was mean to her at times. The judgment did not grant the writ and place the custody of the child in her parents but permitted Barbara to stay in the home of her parents or in the home of the Brewers, as she might desire. Evidently, this was not for the best interest of this 11 year old girl as it did not firmly anchor her in either home, but left to her immature judgment and childish fancy to divide her time between the two homes. We can well understand how Barbara might take advantage of the situation in case the occupants of either home in which she might be staying at the time refused any of her requests. Such refusal, although reasonable and right, could furnish her the excuse of leaving the home she was in and going to the other. This would have a tendency to spoil Barbara and allow her to take advantage of her parents and of her aunt and uncle, all of whom are deeply devoted to her.

There was testimony introduced on behalf of appellees that some years ago Jason Combs said to Henry Crawford that the Brewers might as well keep the child, as he would not take her away from them. We cannot accept such a statement as evidence of an agreement that Combs relinquished permanent custody of Barbara to the Brewers, especially in view of the fact that Mrs. Combs had refused Mrs. Brewer's request to adopt the child. Where the evidence is clear and convincing that parents by a parol agreement have relinquished their custody of a child to another, courts will enforce the agreement, provided it is for the best interest of the child. Scott v. Kirkpatrick, 205 Ky. 700, 266 S. W. 390; Bridges v. Matthews, 276 Ky. 59, 122 S. W. 2d 1021; Lewis v. Lewis, 295 Ky. 258, 174 S. W. 2d 294; Vetter v. Goff, 306 Ky. 505, 208 S. W. 2d 514. In the case at bar the evidence is neither clear nor convincing that Combs agreed to release the custody of Barbara to the Brewers.

Appellees insist that as Barbara expressed a preference to live with her aunt and uncle, the trial judge correctly put her in their custody. We did say in Bridges v. Matthews, 276 Ky. 59, 122 S. W. 2d 1021, 1023, that where a boy 12½ years of age expressed a strong desire to remain with his grandfather, his testimony should be given great weight. And in Cummins v. Bird, 230 Ky. 296, 19 S. W. 2d 959, 961, it was written that while the determination of the question was not for the child, the wishes of a 12 year old intelligent girl are entitled to respect; and in case of doubt, or where the considerations affecting the decision are in equipoise, her desire may be decisive. Here, Barbara did not testify in open court, but privately told the judge she would rather live with her aunt than her parents, although she loved the latter. Therefore, she did not express a strong desire as did the children in the Bridges and Cummins cases. Nor are the considerations in equipoise here affecting a decision, since KRS 405.020 provides that parents shall have the joint custody of their minor children, and we do not feel that Barbara's rather weakly expressed desire to remain with her aunt is entitled to great weight.

The chief concern of courts in cases involving the

custody of a minor child is the welfare of the child. But everything being equal, parents have the superior right to the custody of their child. KRS 405.020; Lewis v. Lewis, 295 Ky. 258, 174 S. W. 2d 294; Bard v. Bard, 295 Ky. 254, 173 S. W. 2d 569; Altemeier v. Rachford, 291 Ky. 845, 165 S. W. 2d 848. The most that can be said in favor of the decision of the trial judge is that it shows the Brewers' home is on a par with that of the parents of this child and that Barbara will receive just as good care and attention from her uncle and aunt as she will from her parents. Under the authorities just cited this did not justify the trial court in refusing to grant the writ of habeas corpus and put Barbara in the custody of her parents.

Much reliance is placed by the appellees on Setser v. Caldwell, 300 Ky. 356, 188 S. W. 2d 451 and Fraze v. Grundy, 300 Ky. 613, 189 S. W. 2d 265. The Setser case was not decided on merits but was sent back for proof. That opinion properly recited no hard and fast rule can be laid down in this character of case as to what is for the best interest of the child, but each case must be determined upon its own peculiar facts. In the Fraze case we held that where a father had surrendered possession of a baby a few weeks old to Mr. and Mrs. Grundy, and when it was 6 months old allowed them to move to Michigan with the baby, and then when the child was 3 years old he executed a contract giving the child to the Grundys, he could not regain custody of his son after the boy had reached 7 years of age and after great attachment existed between the child and its foster parents. It is seen that neither the Setser nor the Fraze opinion is controlling in the case at bar.

For the reasons given, the judgment is reversed.