## Mays v. Mays

July 14, 1950.

Rehearing denied October 27, 1950.

S. M. Ward, Judge

674

H. B. Noble and C. A. Noble for appellant.

Fred K. Cope and D. B. Wooton for appellee.

JUDGE CAMMACK—Reversing.

The appellee instituted habeas corpus proceedings in the Perry Circuit Court to recover the custody of his two granddaughters, ages three and one and one-half years. The appellant, defendant below, is the mother of the children and the daughter-in-law of the appellee. The father of the children is dead.

The appellee was appointed administrator of the estate of his son, as well as legal guardian of the children. At present he has control of the children's money which, under the judgment of the lower court, he would use to keep them in an orphans' home.

The appellant owns her own home, while the appellee does not. There is testimony of several women, neighbors of the appellant, showing that she gives the children excellent care and that in all respects the children are as well cared for as their own. The appellee testified that he had found the children in an unkempt state and that a doctor had diagnosed an illness of one of them as rickets. The doctor was not put on the stand.

The main charge against the appellant was that she was unfit to care for the children because of her lewd and lascivious conduct. It seems that the grandfather (appellee) has "tom-peeped" on his daughter-in-law, and has made life somewhat difficult for her. In the past he sued out two warrants against her and J. C. Jackson on the charge of adultery; one in county court and one in police court. Both warrants were obtained on the same day. The county court warrant was served immediately, the trial was had and a verdict of "not guilty" was rendered. About 26 days later the appellee had the police court warrant served on the appellant and Jackson. This case was dismissed by the judge of the police court.

The appellee testified that on one of his "tom-peeping" missions he saw the appellant and the man Jackson in bed together. There was the testimony of

another witness to the same effect. J. C. Jackson admitted staying over night at the appellant's house on six different occasions; but denied having slept with her. The appellant's sister testified that she was present on these occasions and that the parties slept in different rooms and that nothing untoward occurred. The reason given for Jackson's staying at the house was that the appellant was frightened by someone loitering around the house and peeking in the windows. Jackson also testified that it was inconvenient for him to get to his own home, and, when asked why he did not stay at a rooming house, answered, "We had been sparking, to make it frank, and she asked me to stay." Jackson testified that he and the appellant intended to be married.

After the first order was entered granting the custody of the children to the appellee the appellant had it set aside upon a showing that she is now married to the J. C. Jackson with whom she is alleged to have had improper relations. Later a judgment was entered granting custody to the grandfather for the purpose of putting the children in an orphans' school.

The basic principle underlying all decisions where the custody and care of a child of tender age is involved is the welfare of the child. Ordinarily, a child of tender years may be expected to receive the care upon which children thrive from its natural mother, and, all other things being equal, custody of a child will be given to the mother. Combs v. Brewer, 310 Ky. 261, 220 S.W.2d 572. Where however, the mother is shown to be a person of loose morals, custody will not be awarded her unless she has shown that her conduct has improved so as to render her a fit person to care for the child. Green v. Kennedy, 304 Ky. 796, 202 S.W.2d 609.

Assuming that the appellant was guilty of certain indiscretions with J. C. Jackson, we are not disposed to hold that those acts constituted such lewd and lascivious conduct as to render her unfit to personally care for her children, inasmuch as she is now Mrs. Jackson. It was shown that the appellant is well able to support and rear her children. Under the circumstances we believe that she should be given an opportunity to demonstrate her fitness to have their custody before they are placed in an orphans' home.

For the reasons given the judgment is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.