## CORNISH v. BAKER et al.

Court of Appeals of Kentucky.
Dec. 21, 1951.

H. M. Grigsby, Springfield, for appellant.

Polin & Polin, Springfield, for appellees.

CAMMACK, Chief Justice.

This is an appeal from a judgment denying Roy Cornish a writ of habeas corpus in the Washington County Court.

In his petition for the writ Cornish charged that Will and Myrtle Baker were wrongfully holding his nine year old daughter, Betty Lou Cornish. In their "Plea to Jurisdiction and Answer" the Bakers set forth a judgment in a divorce proceeding between Irene Cornish and Roy Cornish. The parties were divorced and Roy was granted the custody of a son of the couple, while Irene was awarded the custody of the daughters, Betty Lou and Shirley Ann. The answer recited that the judgment was still in full force and effect. There was the further allegation that Betty Lou was still in the custody of her mother, Irene Cornish, and that the mother was keeping the child in the home of the Bakers, who were the parents of Irene. Roy Cornish demurred to the "Plea to Jurisdiction and Answer." The judgment from which this appeal is prosecuted was then entered.

We think the judge disposed of the case properly. The circumstances are different from those in Setser v. Caldwell, 300 Ky. 356, 188 S.W.2d 451. There it was held that the judgment in a former divorce proceeding awarding custody of a child was not conclusive in a habeas corpus proceeding. The opinion recited that the opposing party should have been permitted to file a response and that proof should have been taken. In the case before us, in addition to a recitation of the judgment in the divorce proceeding wherein the custody of the chil-

dren was determined, there was the further allegation that Betty Lou Cornish was still in the custody of her mother and that she was making her home with her mother in the home of the Bakers, her grandparents. This allegation was admitted on demurrer.

Judgment affirmed.