**BRIDWELL et al. v. COOMES et al.**

Court of Appeals of Kentucky.

Aug. 8, 1952.

S. J. Stallings, Louisville, for appellants.

Donald E. Armstrong, Louisville, for appellees.

CAMMACK, Chief Justice.

This habeas corpus proceeding was instituted by Dorothy Ann Coomes and her husband, William L. Coomes, to obtain the custody of Mrs. Coomes' five and a half year old son, Eugene Crittenden. Since Eugene's birth he has lived with his maternal grandparents, the appellants in this action. In a well reasoned opinion the lower court decided that Mrs. Coomes was entitled to the custody of her child. The appellants urge reversal on the grounds that contracts for custody of children are invalid and the court erred in fixing the burden of proof.

While Mrs. Coomes was single and was residing with her parents she became pregnant. During her pregnancy she married a man by the name of Crittenden. The child was born on October 28, 1946. Mrs. Coomes admits that the man she married was not the father of her child. When she was dismissed from the hospital she and her child continued to reside with her parents. Subsequently Mrs. Coomes divorced Crittenden and married Coomes. The child was then two and a half years old. Mrs. Coomes testified that on numerous occasions during the past three and a half years she has attempted to regain custody of her child.

Dorothy's conduct was displeasing to the appellants, but they do not rest their case on this misconduct alone. The appellants testified that, after Dorothy and the baby returned home, she never manifested any affection for the child. She never contributed to the child's support, and the parents have cared for the child. Furthermore, when she wasn't working she was running around and was absent from home most of the time. The appellants maintain that Dorothy voluntarily contracted to transfer the custody of the child to them permanently; that she gave them custody of the child in return for their payment of the hospital and doctor's bill; and that she reaffirmed this contract subsequently by stating on numerous occasions that she did not want the child and she would never take it away from them. Dorothy denied that she ever contracted to give the custody to the parents.

She contends that she contributed to the child's support and manifested affection for the child.

Aside from Dorothy's conduct, a great deal of trouble appears to have arisen because of the parents' antipathy toward her present husband, Coomes. Coomes is an industrious and intelligent young man. He has completed three years at the University of Louisville and is earning a satisfactory income. His employer testified favorably in his behalf, and said that Coomes had an excellent opportunity for advancement. Coomes has been a good influence on Dorothy. Since this marriage she has attended church regularly. She has assumed the duties of a wife and discharged them in a satisfactory manner. They now occupy a comfortable home and have recently purchased a lot on which they plan to build a house. Coomes has displayed much interest in Eugene and will adopt him if he and Dorothy are given custody.

On the other hand, the appellants have furnished the child with a clean and comfortable home. The grandfather, a retired army captain, draws a pension and supplements this income by selling insurance. Recently he has suffered a cerebral hemorrhage and a heart attack. He does not attend any church, but the mother started attending church previous to this litigation. Their daughter Debbie has been taking Eugene to church. Equal educational facilities would be available to Eugene if he resided at either place. The appellants have taken excellent care of Eugene and have reared him to be a strong and healthy boy.

The appellants' main contention is that contracts transferring the custody of a child are valid. This Court has held in numerous cases that such contracts are valid. Rose v. Ledford, 306 Ky. 662, 208 S.W.2d 957; Fraze v. Grundy, 300 Ky. 613, 189 S.W.2d 265. The lower court did not deny the validity of such contracts, but found that a contract did not exist. This is shown in the court's opinion, from which we quote:

"While Dorothy denies that she ever told her parents that they could keep Eugene permanently, there is no doubt in the Court's mind but that on many occasions Dorothy had led her parents to believe that they could have at least indefinite custody of the child. There is some doubt in the Court's mind as to whether these statements on Dorothy's part, made at various times when she was harassed by her family's ill will toward her and confused by the situation in which she found herself, attained the dignity of a binding contract in so serious a matter as surrendering permanently the custody of her own child."

There was more than sufficient evidence to sustain the Chancellor's finding. Assuming that there was a valid contract, the cases uniformly hold that despite such contracts, the court may still award the custody of the child to the parent who contracts that custody away, if such action is for the best interests of the child. The controlling consideration is the welfare of the child. On this record the court was justified in awarding the custody of the child to the appellee, even if there had been an existing contract. Many cases are cited by the appellants, but they are distinguishable from the instant case. Vetter v. Goff, 306 Ky. 505, 208 S.W.2d 514; and cases cited therein. In those cases there was found to be a valid contract, for the child was old enough to express a desire. These elements are not present in the instant case.

The appellants urge that it was error to place the burden of proof upon them. KRS 405.020 provides that the mother of a child shall have its custody if suited to the trust. This is referred to as the paramount right of the parent, but where the parent by contract has transferred the custody of the child to another person and subsequently seeks to regain its custody, the parent has the burden of proving that the change will promote the welfare of the child. Horn v. Dreschel, 298 Ky. 427, 183 S.W.2d 22; Thompson v. Childers, 231 Ky. 179, 21 S.W.2d 247. Those cases are cited as authority for the contention that the appellees should have the burden of proof. In those cases there was a contract and they are distinguishable from the instant case since a contract did not exist.

The lower court's decision, awarding custody to the appellees, and giving the appellants the right to reasonable visitation periods, is affirmed.