## RUNIONS v. POWERS.

Court of Appeals of Kentucky.
May 22, 1953.

Helton & Helton, Pineville, for appellant.

W. J. Stone and Martin R. Wilson, Pineville, for appellee.

WADDILL, Commissioner.

This action is between the mother and paternal grandfather of Betty Lou Powers and concerns her custody. The court decided in favor of the grandfather and the mother appeals.

The appellant and Lee Powers were married in 1941. Betty Lou is their child and is now 11 years old. Soon after their marriage Lee was inducted into military service. Before the child reached two years of age appellant left her home in Kentucky and went to Baltimore, Maryland, where she obtained employment. Shortly after appellant left home, appellant's father delivered Betty Lou to Luster Powers, the child's paternal grandfather, appellee herein, who has had custody of the child throughout its life except for a brief period when it was kept by its father.

In 1946 Lee Powers was discharged from military service. He returned to his father's home where he obtained a divorce from appellant. Lee and his daughter continued to live with his father until Lee's second marriage in 1946. In January, 1953, Lee was killed as a result of an industrial accident and shortly after his death, the appellant, who had married James Runions in April, 1946, brought this action to recover custody of Betty Lou from Luster Powers, with whom the child was again making her home.

Appellant contends that the mother has a superior right to the custody of her child under KRS 405.020, which provides:

"The father and mother shall have the joint custody, nurture and education of their minor children. If either of the parents dies, the survivor, if

suited to the trust, shall have the custody, nurture and education of the minor children. The father shall be primarily liable for the nurture and education of his minor children."

It is urged that in addition to the fact that the mother is entitled to the custody of her infant daughter under the statute, the child's welfare would be further promoted inasmuch as appellant is able to rear, educate, and maintain her child.

██ It will be seen that the statute does not confer upon the parent an absolute right, but conditions the custody of infant children upon the suitability of the particular parent to the discharge of the duties of the trust. The welfare of the child, consistently with legal responsibilities, is the controlling consideration in determining its custody, or the suitability of a claimant for the trust. Bedford v. Hamilton, 153 Ky. 429, 155 S.W. 1128. The judicial inquiry is not confined or limited to the moral character and financial ability of the particular parent who may be asserting a right to the custody of his child. It comprehends a proper consideration of those essential elements of the problem, but, in addition thereto, it requires due weight to be given to all other facts and factors that have a bearing on the complex and responsible duty of rearing, training, and fostering a child according to its potential capacity and consistently with its individual character and needs. Cummins v. Bird, 230 Ky. 296, 19 S.W.2d 959.

██ It is shown in this case that the child has a good home where religious and educational advantages are ample and the child has been given the full benefit of both. Appellee's morals and habits were not assailed and the child testified that it desired to stay with its grandfather.

There are other considerations and circumstances which must be weighed. The duty of denying to a mother the custody of her minor daughter is a serious and solemn one. But, it was shown here that the mother virtually abandoned her daughter when she was of tender years and when she so badly needed her mother's love and protection. Moreover, appellant has manifested slight interest in her daughter as it was shown that from the time she left Betty Lou until the present action, she has made no effort to regain her daughter's custody, nor has demonstrated even the slightest interest in Betty Lou's welfare. Only on few occasions has she inconvenienced herself to the extent of visiting her daughter. Appellee urges that appellant's right to claim the custody of her child was forfeited by her failure for years to do anything for the child or evince any interest in her welfare.

The circuit court heard and saw the witnesses and probably knew the parties involved thereby enabling the court to give proper weight to their evidence. Under the showing made we are constrained to the conclusion that this Court should not change the judgment entered in the circuit court.

Judgment affirmed.