**HALL v. FEHLER.**

Court of Appeals of Kentucky.

Oct. 16, 1953.

Damon A. Vaughn, W. A. Stephenson, Louisville, for appellant.

William Trusty, Louisville, for appellee.

WADDILL, Commissioner.

On this appeal we are concerned with the correctness of a judgment awarding the custody of John Howard Fehler, an infant of ten years of age, to his mother, appellee herein. The appellant, the child's maternal grandmother, is claiming that the welfare of the child demands that his custody be placed and entrusted to her.

The factual background of this controversy discloses that appellee gave birth to the child in March, 1943, when she was 14 years of age and while she was unmarried. Shortly after the child was born, appellee

left her mother's home, leaving her child with the appellant, and obtained employment in Chicago. Several years later appellee returned to Kentucky and in June, 1947, married John A. Fehler. Following this marriage, and after the legal adoption of the child by Mr. Fehler, appellant returned the child to its mother.

Appellee's marriage to Mr. Fehler was of short duration. In April, 1952, they were granted a divorce and in this proceeding the child's custody was awarded to its mother during the school year and to Mr. Fehler during the child's summer vacation period.

In August, 1952, Mr. Fehler informed appellant that he was unable to continue to support the child and delivered the infant to appellant. Shortly thereafter appellant filed an appropriate action in the Jefferson Circuit Court in which she sought to have the terms of the divorce judgment relating to this infant modified and in which she asked that the court award her custody of the child. This action was contested by the appellee.

At a hearing of this matter in December, 1952, it was shown that appellant and her husband own and live on a small farm in Indiana. Their home is a modern 7-room house located in a good neighborhood near a school and church, both of which were attended with regularity by the child during the years it lived with the grandparents. Appellant's husband earns a weekly salary of $125 and both grandparents are apparently in good health. Their morals and habits were not assailed and the infant expressed a desire to live with them.

The fitness and suitability of appellee to have the child's custody is in issue. It was proven that after appellee obtained a divorce from Mr. Fehler she has been guilty of immoral conduct. It was shown that some of her associates and places she frequented were of questionable character. Without detailing the evidence introduced at this hearing we think it is sufficient to say the testimony supported the order entered by the Chancellor which placed the custody of the infant with the appellant.

Later, and in June, 1953, when this case again came before the Chancellor, it was shown that appellee had married Lt. Charles Frinks, an officer in the U. S. Army. Lt. Frinks has been ordered to report for duty in Germany. Appellee is to accompany him and has been alerted by the proper authorities that her sailing time is near. She has petitioned the court to adjudge her the permanent custody of her child so that she may take him with her to Germany. Lt. Frinks joins his wife in her effort to obtain the child and has expressed a desire and intention to adopt the infant in the event they obtain his custody. The Chancellor amended his previous order in the case and awarded appellee the permanent custody and control of the infant.

The welfare of the child, consistent with legal responsibilities, is the controlling consideration in determining its custody, or the suitability of a claimant for the trust. Runions v. Powers, Ky., 258 S.W.2d 514; Bedford v. Hamilton, 153 Ky. 429, 155 S.W. 1128. With this rule in mind we think the Chancellor erred in awarding the appellee custody of the infant under the present state of the record.

We are conscious of the fact that the duty of denying to the mother the custody of her child is a serious and solemn one. And we do not say that appellee's mistakes and indiscretions that are reflected by the record will forever brand her as unfit or unsuitable for that trust. However, in view of the derogatory proof about appellee, we do not believe that sufficient time has elapsed to give rise to a presumption that appellee has reformed and is now suitable for the trust.

In view of the conclusions hereinbefore expressed and the fact that the appellee intends to remove the infant to a foreign country and out of the jurisdiction of this Court, we have grave doubts that to grant appellee custody at this time would serve the best interest of the child. Undoubtedly,

it would be a serious injury to him to sever the ties that now bind him to his surroundings and to force him to leave those with whom he prefers to live.

Of course, the question of the child's custody is one that may be redetermined upon another proceeding before the Chancellor in the event of a change in conditions.

Judgment reversed with directions to enter a judgment in conformity with this opinion.