Betty K. Graham SHAW, Appellant,

v.

Tilda GRAHAM, Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1958.

As Modified on Denial of Rehearing
March 21, 1958.

Louie B. Nunn, Glasgow, for appellant.

Paul Carter, Tompkinsville, for appellee.

STANLEY, Commissioner.

This is a habeas corpus proceeding by the appellant, Betty Graham Shaw, to obtain custody of her two children from their paternal grandmother, the appellee, Tilda Graham. One child is a boy, now seven, and the other a girl, now four and a half years old. The court had dismissed a former petition for habeas corpus and allowed the grandmother to keep the children. The present petition, filed a few weeks later, apparently by agreement, was tried on the former record. The court regarded the proceeding as an equitable action and adjudged custody to the grandmother "during the months either of said children are in school, and during vacation months their custody is awarded to" the mother, who was required to make a $500 bond that she would return the children to their grandmother upon completion of their stay with her. It is also provided that the mother, if she desires, may have the children during one-half of the Christmas holidays when school is not in session. The judgment further provides: "Change in the circumstances or other causes may justify or require modification of this order of custody at any time."

The parents were living in Indiana at the time of their separation in August, 1955. The father then came with his children to his former home with his mother, who lives about three miles from Tompkinsville. He was killed in an automobile accident in January, 1957. The wife obtained a divorce by default in Indiana on March 1, 1956. The judgment of divorce recites that custody of the children was awarded the mother, but they were not then within the jurisdiction of the court. The divorced wife was prohibited from remarrying for a period of two years, but within two weeks she had married her present husband, Cecil Shaw. They now live in Garland, Texas.

The appellant admitted that while married to her former husband she had been keeping company for five or six months with Shaw and that a month after her husband had left her she made a trip to Florida with another man. However, her present neighbors testify that she and her husband are people of good repute and morally and otherwise suited to care for these two children. They have a young child, live in a small but comfortable house and are able and willing to care for the children.. But passing time has been too brief to have much influence in determining that the moral instability of the young mother has become firmness of character.

The grandmother lives with an unmarried son who makes the living for her and these children. They are shown to be good people and worthy and well suited to care for the children as they should be cared for. Perhaps the house does not have all the conveniences that the mother's present house has, but other than that and the fact that one is in the country and the other in a city, there is no substantial difference. Its the living in the house that makes the home. The court, as is recited in his opinion, knows these people and their environment and confirms the testimony of their neighbors. While the mother visited the children two or three times after they had been brought to Kentucky, the evidence sustains the view that in the beginning of the breaking up of the home the mother substantially abandoned the children and was perfectly content to have the grandmother care for and nurture them during their babyhood. Mrs. Shaw did not deny that she told the grandmother she wanted her to have and keep these little children as long as she lived. Further details of the record need not be related.

In an able opinion the court recognized the general principle that a mother should be given the custody of her little children unless the environment or other conditions forbid and the mother is shown to be unfitted for the responsibility. He took notice also of the statute which provides that where one of the parents has died, the survivor, "if suited to the trust, shall have the custody, nurture and education of the minor children." KRS 405.020. The trial court and this court underscore the provision, "if suited to the trust." This statute, therefore, conditions the right of the surviving parent to the custody of minor children upon the suitability of such parent to discharge the serious duties and responsibilities of rearing children. Runions v. Powers, Ky., 258 S.W.2d 514. Of course, the primary concern is the present and future well-being of the children.

With respect to the custody of the children, we have held in numerous cases that where a parent has consigned their care to their grandparents, who are suitable for discharging the trust, and has acquiesced in that commitment, he or she may not take them away without first convincing the court that it would be to the best interest of the children that it be done. Vetter v. Goff, 306 Ky. 505, 208 S.W.2d 514.

With their grandmother these children have love and security and a home environment which outweigh the desire of the mother and possibly better conveniences of a house in which to live. One of the considerations—important and delicate—is the severance of happy and wholesome ties to be followed only by an experiment of a change to the household of their mother

and stepfather in a far distant city. As written in Bridges v. Matthews, 276 Ky. 59, 122 S.W.2d 1021, 1023, "Here the child has been separated from his father since early infancy, and obviously has transferred his interests and affections to his present home and those who compose the family of which he is now a member. Undoubtedly, it would be a serious injury to him to sever the ties that now bind him to his surroundings and those whom he loves." Of like tenor are Cummins v. Bird, 230 Ky. 296, 19 S.W.2d 959; Thompson v. Childers, 231 Ky. 179, 21 S.W.2d 247; Rose v. Ledford, 306 Ky. 662, 208 S.W.2d 957.

We conclude the court properly adjudged that the custody of the children should remain with their grandmother with right of visitation.

Judgment affirmed.