Kermit GOFF, Appellant,

v.

Kathryn Coleman GOFF, Appellee.

Court of Appeals of Kentucky.

March 13, 1959.

Rehearing Denied May 8, 1959.

Charles E. Lowe, Pikeville, for appellant.

Dan Jack Combs, Pikeville, for appellee.

CULLEN, Commissioner.

Kermit Goff and his wife Kathryn were divorced on July 1, 1958. The judgment of divorce gave Kathryn custody of their three children: Anna, age 16, Betty, age 12, and Harold, age 9. In August, Kermit filed a motion seeking to have the judgment modified so as to award the custody to him. An order was entered overruling the motion and Kermit has appealed from that order.

Kathryn has moved to dismiss the appeal on the ground that the order denying the motion for change of custody is not appealable, but this motion is without merit because the order clearly is an appealable one. See Casebolt v. Casebolt, 170 Ky. 88, 185 S.W. 510.

The record on the appeal is not a very satisfactory one. It consists of the order overruling the motion for change of custody, and a transcript of the testimony of witnesses offered by Kermit in support of his motion. The transcript of testimony shows that the witnesses testified in the presence of the court on August 25. However, for some unexplained reason, the order overruling the motion for change of custody, which is dated August 25, refers only to a hearing scheduled for August 19, at which (the order recites) Kermit did not appear and at which the court considered

the "pleadings" and questioned the children as to which parent they preferred to live with. The court made no findings of fact, as it is contemplated by CR 52.01 that he should do.

The transcript contains the testimony of nine witnesses who testified in support of the motion for change of custody, and of none in opposition to the motion. This testimony even if discounted considerably on the grounds of obvious exaggerations and personal enmities of the witnesses towards Kathryn, makes out a clear case of unfitness of Kathryn to have custody of the children. In substance, the evidence was that since the divorce, life at the home occupied by Kathryn and the children has been a continuous round of parties, lasting into the early hours and sometimes all night, with phonograph playing, dancing, shouting, drinking, and general unrestrained gaiety. The two girls have been permitted to stay out very late at night, in the company of men. On some occasions Kathryn has left the children at home with some of her partying friends. Some of the visitors at the home were married men, with one of whom Kathryn engaged in displays of affection.

There is nothing in the record to counteract this evidence, and we have no alternative but to accept it. Our consideration must be confined to the record that is presented to us, and upon it we can reach no conclusion other than that Kathryn is an unfit person to have custody of the children, and that the court erred in not transferring custody to Kermit. There is no evidence to show that Kermit is not a suitable person to have custody of the children, and since as a parent he has a prima facie statutory right to custody, under KRS 405.020, he does not have the burden of proving his suitability. See Rallihan v. Motschmann, 179 Ky. 180, 200 S.W. 358.

The order is reversed with directions to enter an order granting Kermit custody of the children. This, of course, will have the effect of terminating the allowance made to the wife for support of the children. However, the court will retain the power to make a future change of custody upon a showing of a change of conditions.