## 572

Nester BONILLA, Appellant,

v.

Lillie BONILLA et al., Appellees.

Court of Appeals of Kentucky.

May 13, 1960.

A. E. Cornett, Hyden, for appellant.

Will C. Hoskins, Isaac Turner, Hyden, for appellees.

WADDILL, Commissioner.

The question presented by this appeal is whether the Chancellor abused his judicial discretion in refusing to grant appellant the custody of his infant daughter. A careful review of the case convinces us the Chancellor correctly found that it would be in the best interest of the child to remain in the custody of her grandparents, at least until there has been a material change of conditions.

Nester Bonilla and his wife, Lillie, were divorced by a judgment of the Leslie Circuit Court in 1951, and Lillie was granted custody of their two-year-old child, Deborah Ann. On March 14, 1958, the court entered an order awarding custody of the child to its maternal grandparents. On June 4, 1958, Nester filed a motion seeking custody of the child. Following a hearing, the motion was overruled, and Nester has prosecuted this appeal.

Appellant contends that he has a superior right to custody of his child as against the claim of the child's grandparents, unless it is shown that he is not suited for the trust. This contention is based upon KRS 405.020(1), which provides that where one of the parents is dead, the survivor, "if suited to the trust," shall have the custody of the minor children. In Shaw v. Graham, Ky., 310 S.W.2d 522, we held that the provision of KRS 405.020(1) conditions the right of the surviving parent to custody of minor children upon the suitability of such parent to discharge the serious duties and responsibilities of rearing children.

Appellant met and married Lillie Baker while he was a member of the U. S. Air Force. When he was transferred from one base to another, his wife would usually return to live with her parents. Their daughter was born in March, 1954. About January 11, 1955, appellant was transferred to Japan for eighteen months' duty. His wife returned to the home of her parents in Leslie County, Kentucky.

When appellant returned to the United States he immediately went to the home of Lillie's parents in Leslie County, and

was informed that his wife had obtained a divorce and had married Kenneth Bowling. Appellant soon left Kentucky for Texas, where he married a widow who had three young daughters by her former marriage. Soon after his second marriage appellant sought a modification of the order which granted his first wife's parents custody of the child in question.

Appellant's former wife, Lillie Bowling, testified that when she was living with appellant he habitually got drunk and not only wasted his money but also forced her to let him spend the money she had earned. She further stated that appellant was high-tempered and easily irritated.

Appellant testified that if given custody of Deborah Ann he will provide her a better home, and that he will also see that she obtains the proper care and supervision. On the other side of the case the testimony shows that the present custodians of Deborah Ann are providing for the child's necessities, and while their home is a rural one, it is located near a school and a church. The intimations that the child is not being properly cared for did not convince the Chancellor, nor us, that the present custodians were neglecting the child.

Ordinarily a parent has a prima facie statutory right to the custody of his child. Goff v. Goff, Ky., 323 S.W.2d 209. However, where a custody question has been determined by a court having jurisdiction, such as in the instant case, the parent seeking to regain custody of the child has the burden of proving that the change will promote the welfare of the child. Bridwell v. Coomes, Ky., 250 S.W.2d 868; Bishop v. Bishop, 238 Ky. 702, 38 S.W.2d 657.

In view of the proof, we cannot say that the Chancellor abused his discretion in refusing to change the custody order.

Judgment affirmed.