## Callahan v. Callahan.

Jan. 25, 1944.

Will C. Hoskins for appellant.

M. C. Begley for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Lloyd and Lucy Callahan were married in Leslie County, in 1936. They lived there until February, 1942, when they moved to Indiana. They have a child named Alice, who is now about six years of age. In November, 1942, Lucy Callahan came back to her home in Leslie County. She returned to Indiana in February, 1943, and brought Alice back home with her. In the spring,

of 1943 Lloyd Callahan filed suit for divorce in the Franklin County, Indiana Court. On September 6, 1943, he was granted a divorce on constructive service, and was awarded the custody of Alice, notwithstanding the fact the child was not in Indiana at the time. In December, 1943, he instituted this habeas corpus proceeding before the county judge of Leslie County for the purpose of obtaining the custody of the child. He pleaded and offered in evidence a copy of the Indiana judgment, which was not properly authenticated (KRS 422.040), but there was no objection interposed thereto.

As a general proposition, a decree of a court of competent jurisdiction in a sister state having to do with the custody of a child is entitled to full faith and credit in the courts of another state, but only in so far as there has been no material change in the facts and circumstances upon which the foreign decree was based. Sheehy v. Sheehy, 88 N. H. 223, 186 A. 1, 107 A. L. R. 635. But a state can exercise through its courts jurisdiction to determine the custody of children, or to create the status of guardian of the person, only if the domicile of the person placed under custody or guardianship is within the state. Restatement, Judgments, section 33; Restatement, Conflict of Laws, section 117. Since Alice was living with her mother at the time of the rendition of the Indiana judgment, her domicile was not in Indiana. Restatement, Conflict of Laws, section 32. KRS 405.020. It is obvious, therefore, that the part of the Indiana judgment awarding custody of the infant child to Lloyd Callahan is of no effect.

Even if it be assumed that a showing was made at the time of the rendition of the Indiana judgment warranting the placing of the infant in the custody of the father (which, in all probability, there was not), the record now before us shows conclusively that the mother should have the custody of the child. No question whatever is raised as to her character or fitness in this respect, and she has a good home with her father. Our decisions are numerous to the effect that the custody of a child of tender years should be awarded the mother, unless it be shown she is unsuitable or unfit to have charge of it, or through some peculiar circumstance is unable to furnish it a good home.

Judgment affirmed.