## Henry v. Henry.

Feb. 5, 1946.

524

Kirtley & Kirtley and Albert Oberst for appellant.

T. F. Birkhead and Herman A. Birkhead for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In May, 1943, Mrs. Lillie Mae Henry filed an action seeking a divorce from her husband, Joseph B. Henry, on the charge of cruelty and inhuman treatment. The chancellor refused to grant Mrs. Henry a divorce and dismissed her petition, but kept the case on the docket for the purpose of collecting costs which had been adjudged against Mr. Henry. Mrs. Henry retained custody of their six year old child. In November, 1943, Mrs. Henry filed another action against her husband and asked to have the two actions consolidated. In the second action she sought custody of the child, an allowance for its support, the possession of certain personal property which she alleged to be hers and an allowance for her attorney. The actions were consolidated, and upon final judgment the chancellor awarded Mrs. Henry the custody of the child for 11 months of the year; directed that Mr. Henry be permitted to keep the child one month during the summer; allowed Mrs. Henry the sum of $200 in lieu of furniture; and allowed her $50 for her attorney.

Mr. Henry is contending that he should have been awarded the custody of the child; that no allowance should have been made for the furniture until a divorce a vinculo is granted; and there should have been no allowance of a fee for Mrs. Henry's attorney, since the principal question involved in the case related to the custody of the child.

An examination of the record leads us to the conclusion that a state of affairs existed in the Henry home which made it impossible for the couple to live together peaceably. Both parties seem to enjoy good moral repu-

tations. Considerable feeling exists between Mr. Henry and some members of Mrs. Henry's family with whom she is making her home. It would serve no useful purpose to review the conflicting evidence of the parties relative to their marital difficulties. We may say in passing, however, that our examination of it leads us to the conclusion that the chancellor would have been warranted in granting Mrs. Henry a divorce a vinculo.

Mr. Henry is now employed in Tell City, Indiana, and he is asking that he be awarded the custody of the child and that he be permitted to take her to Tell City. As pointed out in Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565, our decisions are numerous to the effect that the custody of a child of tender years should be awarded the mother unless it be shown that she is unsuitable or unfit to have charge of it, or through peculiar circumstances is unable to furnish it a good home. It has not been shown that Mrs. Henry is a person unsuitable to have custody of her daughter, and, while some question is raised as to the conditions in Mrs. Henry's home, we are not prepared to say that the chancellor erred in awarding Mrs. Henry custody of the child. The allowance of $7.50 a week for the child's support seems to be reasonable.

There is testimony showing that Mrs. Henry purchased some of the household furnishings, some of which Mr. Henry seems to have disposed of. It was apparently for this reason that the chancellor awarded Mrs. Henry $200 in lieu of furniture. Mr. Henry admitted that his wife had purchased some of the household furnishings, so we are not prepared to say that the chancellor erred in directing that Mrs. Henry be reimbursed, since it was impossible for him to direct the return of the actual furnishings.

In contending that it was error to allow Mrs. Henry's attorney a fee the case of Wills v. Wills, 168 Ky. 35, 181 S. W. 619, is cited. In that case it was held that, where a husband and wife had been divorced, and on appeal by the husband the only question involved related to the custody and maintenance of children, the husband can not be required to pay the wife's attorney for his services in resisting his contention. In the case at bar neither party was awarded a divorce, and, while Mrs. Henry did not seek a divorce in the second action,

she asked that the two cases be consolidated and she sought relief which could have been awarded her in the original action. As a matter of fact it was not necessary for her to file a separate action, since she could have moved the court to reopen the original action and grant her the relief sought.

Under the circumstances, we think the judgment should be and it is affirmed.