## Abbott v. Abbott.

### March 4, 1947.

S. E. Anderson, Judge.

168

Duncan & Duncan for appellant.

J. M. Kennedy for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

The petition of Lena Abbott, appellant, for habeas corpus writ against her former husband, Lowell Abbott, appellee, having been dismissed by final order of Wayne County Court, appellant thereupon prosecuted this appeal under provisions of section 429-1, Ky. Criminal Code of Practice as extended by Acts of 1940, c. 93, sec. 2.

Appellant's petition sought custody of two little girls, ages 5 and 2, children of the disrupted marriage of these parties, on the basis of the latest order of a court of the State of Indiana, which order awarded appellant the custody of these children as of December 13, 1946. And so her contention on this appeal is that the Wayne County Court committed reversible error in refusing to give full faith and credit to the adjudication of the court in Indiana, in refusing to grant her the custody of these children on the basis stated and in accordance with her petition.

These parties originally lived in Wayne County, Kentucky, but they subsequently moved to Indiana for employment. On February 7, 1945, appellant divorced appellee in Indiana on the ground of cruel treatment resulting from appellee's association with another woman. That divorce judgment gave appellant custody of these children, together with an award of $15 per week for their support. She had some difficulties in enforcing that award. On July 12, 1946, after appellee had sought, in that same Indiana court, custody of these children for himself on the ground that appellant was an unfit cus-

todian of the children, was herself associating in her home with men of bad repute and with intoxicated men, an agreed order was then entered in the Indiana court awarding custody of these children to appellee and relieving him from further payments to appellant for their support. Sometime after that date of July 12, 1946, appellee, together with the two children, returned to his former home in Wayne County, Kentucky. Although this was done without appellant's knowledge, yet it was not done in violation of any order of the Indiana court. Thereafter, appellant herself came to Kentucky to see the children, but having had some difficulty in doing so, she then returned to that same Indiana court and there procured, without any notice to appellee, an order awarding, on December 13, 1946, custody of these children back again to appellant on the ground of appellee's neglect of the children.

Appellee pled, in the present proceedings, that appellant is an unfit person to have custody of these children and that she is now living in adultery with another man, who came to Kentucky with her and who was and is personally associated with her in the prosecution of these proceedings.

Under all the conditions set out above, it may readily be assumed that the basic rights, decencies and equities of these parties are not all accrued on one side and excluded from the other side. Moreover, while one party is the mother of these children, yet the other party is their father.

Accordingly, we now look fundamentally to the law as it appears to be applicable to this case. Appellant has called our attention to that clause of the Constitution of the United States requiring full faith and credit to be given by one state to the judicial proceedings of any other state. Article 4, sec. 1. But while we are striding out to stand upon that solid rock of the republic, the Constitution, nevertheless we are impelled to inquire as to which judicial proceedings we should underwrite with full faith and credit. Should it be the judicial proceedings of July 12, 1946, or the judicial proceedings of December 13, 1946? Both took place in the same case, in the same court, in the same sister state. But the proceedings of July 12, 1946, had the great virtue

of having, at that time, both parties before the court under what is called due process, while the proceedings of December 13, 1946, had the great vice of having only one party, this appellant, before the court for the business at hand.

If full faith and credit should be given exclusively to the Indiana proceedings of July 12, 1946, wherein both of these parties and also their children were right in the court's back yard of actual jurisdiction, then appellee's present custody of these children would have to be considered righteous and legal in every respect. But if full faith and credit must be given exclusively to the Indiana proceedings of December 13, 1946, wherein neither appellee nor the children were within the court's jurisdictional domain, wherein appellee had no notice of the events transpiring there against him, then the lower court should have sustained appellant's petition for writ of habeas corpus and should have awarded her custody of these children. However, under the conditions just stated, we believe that full faith and credit was due the Indiana Court order of July 12, 1946, but was not due the one of December 13, 1946.

We noticed that each side is relying, in one specific instance, upon the very same supporting authority, among some others cited by each, to sustain its respective position adopted in this case. This is somewhat strange. But if both sides are relying upon the very same case, it must contain some good law. Therefore, we now hasten to the common ground of this cited case and seek to apply its principle the best we can to the facts of our instant case. The cited case, accepted and respected by both these parties, is that of Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565. This Callahan case presented a situation wherein the husband-father had gone from his basic home in Leslie County, Kentucky, up to a court in Indiana, wherein he obtained a divorce from his wife on constructive service of process, the latter then being in Leslie County, Kentucky, and in which divorce proceedings he also obtained custody of their child, likewise then living in Leslie County, Kentucky, along with its mother. In the subsequent habeas corpus proceedings prosecuted in Kentucky by the husband-father, who was seeking custody of the child who came armed with a copy of his Indiana court judg-

ment giving him the right of such custody, we held that the Indiana court had been without jurisdiction to award custody of the Callahan child since it was then domiciled with its mother down in Leslie County, Kentucky.

Reasoning in the very same channel as we did in the Callahan case, supra, it would seem that the Indiana court was, in the instant case, without jurisdiction, on December 13, 1946, to award any custody of these two children, then domiciled with their father down in Wayne County, Kentucky. It is quite reasonable to consider that the domicile of children follows that of the natural parent with whom they happen to be living. And if appellee brought these children to Kentucky to live with him and did not violate any Indiana court order in doing so, none of which has been refuted by appellant, then that last Indiana court order of December 13, 1946, appears to have been a void one for two reasons, viz., (1) because there was no notice, constructive or otherwise, to appellee and (2) because these children were not then living within the court's jurisdiction. The general principle of the Callahan case, supra, was followed with approval by this court in a later case styled Shippen v. Bailey, 303 Ky. 10, 196 S. W. 2d 425. This principle has been declared in like tenor and upon still other authority to the effect that the state wherein a child is domiciled may in any case determine anew its proper custody unaffected by a previous foreign decree. 17 Am. Jur. 523. This whole line of reasoning undoubtedly sprang from a conception that a child is, for legal considerations of custody, a rem and that once a court has lost its rem, or its child, by the latter's removal from a court's jurisdictional boundaries, such a court's order of custodial award is about as weak as the will of an impoverished widow faced with the prospect of a new and prosperous marriage.

Wherefore, seeing no error in the judgment of the court below, the same is hereby affirmed for the reason herein indicated.