## Green v. Kennedy.

May 20, 1947.

S. M. Ward, Judge.

Fred K. Cope for appellant.

Don A. Ward for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Marie Kennedy instituted this habeas corpus proceeding to obtain the custody of her three year old illegitimate child, Wanda Lee Combs. Mrs. Kennedy, whose maiden name was Marie Pelfry, lived with her aunt, the appellant, Mrs. Freda Green, in Hazard for a while after the child was born. When she left Hazard she left the child with her aunt. A second illegitimate child was born to Mrs. Kennedy while she was in Louisville. Subsequently, under the name of Marie Combs, she married a man by the name of Kennedy, who was a coal miner, in Virginia. Upon a hearing of the cause Mrs. Kennedy was awarded custody of Wanda Lee.

Upon this appeal Mrs. Green is insisting that her niece had given the child to her to raise as her own, and that the mother was an unfit person to raise the child because of her immorality.

Mrs. Kennedy admitted that she had given birth to two illegitimate children; on several occasions she had been placed in jail on immorality charges; she married under the assumed name of Combs; she was living with her aunt for a while after the child was born; and when she left her aunt's home she agreed that, if she would keep Wanda Lee and care for her, she could claim her as her own child. Fear of her father was the reason given for marrying under an assumed name. Mr. Ken-

nedy said he knew his wife had given birth to two illegitimate children before he married her.

Mrs. Green's testimony, which is supported by that of her husband and Mrs. Kennedy's father, is to the effect that she took Wanda Lee into her home when she was born; the mother of the child lived with her for a while, and when she left she said that she, Mrs. Green, could raise Wanda Lee as her own; she and Mr. Green owned their home; he made good wages in his plumbing trade, earning approximately $2 per hour; they could furnish Wanda Lee a good home and give her a proper education; her niece, Mrs. Kennedy, had a bad moral reputation, and therefore, was an unfit person to be awarded the custody of Wanda Lee; and, prior to the institution of this action, she and Mr. Green had filed a petition wherein they sought to adopt Wanda Lee. Both parties refer to a letter which Mrs. Kennedy admitted writing to Mrs. Green about the time of the birth of the second child. The inference is that the contents of the letter support the contention of Mrs. Green that Mrs. Kennedy wanted her to raise Wanda Lee as her own child. However, the letter was not incorporated in the record.

Our rulings are many to the effect that a mother is entitled to the custody of an infant child, provided she is a person of suitable character and is able to make reasonably adequate provision for its well-being. Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565. The record in the case at bar shows conclusively that Mrs. Kennedy was a person of rather loose morals, to say the least. However, whether her conduct has changed for the better is not shown. It is our view that, under the showing made against her, and by her own admissions, it was incumbent upon Mrs. Kennedy to show that her conduct had improved so as to meet the requirements of the rule referred to in the Callahan case, supra.

Under the circumstances, we think the judgment should be and it is reversed, with directions for the entry of a judgment consistent with this opinion.