# Belderes v. Jones et al.

October 19, 1948.

Rehearing denied January 21, 1949.

Joe P. Tackett for appellant.

H. R. Burke for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This habeas corpus proceeding was instituted by the appellant, Dorothy Belderes, in the Floyd County Court to obtain custody of her nine year old child, Alma Sue Fields, whom she had left with the appellees in 1940, when the child was 13 months of age. The county judge stated in his opinion and judgment that he was acquainted with all the parties who testified in the case. From his analysis and review of the evidence he concluded that it was best for the child to remain with the appellees; hence this appeal.

There is conflicting proof as to whether an agreement was entered into under which the appellees were to adopt the child. Likewise there is conflicting proof as

to the appellant's efforts to visit the child. The appellant states that her first husband was not the father of the child. While she admitted she had joined a carnival shortly after leaving the child with the appellees, she said she had been converted to Christianity and that she had led an exemplary life since the child's birth. She and her present husband estimate their estate in Florida at from $50,000 to $60,000, and their monthly income from $1200 to $1300. Jesse Jones, one of the appellees, is employed by the Inland Steel Company and receives $14.00 a day for his services. He has a farm worth about $3000.00. His reputation and that of his wife is said to be good. Mrs. Jones admitted, however, that in her early youth she had run away with a man whom she had intended to marry, but was later brought home by her father. The appellees have another girl living with them who is only a few months younger than Alma Sue. While the home of the appellees is small, the children appear to be provided for comfortably and Alma Sue said she wanted to continue making her home with the appellees. Alma Sue called Mrs. Jones "Mother."

As in the case of Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565, we have said frequently that the custody of a child of tender years should be awarded the mother unless it be shown she is unsuitable or unfitted to have charge of it, or through some peculiar circumstance is unable to furnish it a good home. In the case of Rose v. Ledford, 306 Ky. 662, 208 S. W. 2d 957, and cases cited therein, it was pointed out that a parent who voluntarily agrees to surrender the custody of his child to another who is capable of properly caring for it can not regain possession of the child without showing it would be for its best interests, since it is the duty of the courts in such instances to weigh the primary and superior right of a parent as qualified by an agreement to surrender custody of an infant child as against the child's welfare. The case of Cummins v. Bird, 230 Ky. 296, 19 S. W. 2d 959, which was decided in favor of the foster parents, presents circumstances somewhat similar to those involved in the case before us.

In the case at bar the child was left with the appellees when she was a mere infant. The appellees have treated her as their own and have furnished her a good home. Furthermore, the child, who has had little or no

contact with her mother, has expressed the desire of living with the appellees.

Under the facts and circumstances contained herein, we think the county judge properly disposed of the case.

Judgment affirmed.