## Crase et ux. v. Angeli.

October 26, 1948.

Rehearing denied January 21, 1949.

C. A. Noble for appellants.

Don A. Ward for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, Mrs. Daisy Angeli, instituted this habeas corpus proceeding to obtain custody of a nine months old child born to her out of wedlock. The child was born in the home of Mr. and Mrs. Andrew Crase, in Perry County, and they had custody of it at the time this proceeding was instituted. Mrs. Angeli already had a child born out of wedlock, though she subsequently married the father of that child. Before the birth of the child involved in this action she went to Oklahoma where she resided with the family of a brother of her present husband, and by whom she had been partially reared. While Mrs. Angeli was in Oklahoma her present husband secured a divorce from his then wife and it is

charged that the appellee was instrumental in bringing the divorce about. Mr. Angeli testified, however, that he instituted the divorce proceeding against his first wife and was granted a divorce. Before Mrs. Angeli went to Oklahoma she discussed with the appellants the question of permitting them to take her child upon its birth. The father of the child sent the appellee money upon which she returned to Kentucky, but he refused to marry her upon her arrival. Thereupon the appellants agreed with the appellee that they would take her into their home until after the baby's birth, care for her and pay her medical expenses, and in return she was to permit them to adopt the baby. After the baby was born the appellee returned to Oklahoma and married her present husband, Deno Angeli. Mrs. Angeli wrote numerous letters to the appellants in which she agreed that they could adopt the child, but she failed to sign the adoption papers which were sent to her. Upon her return to Kentucky the papers were signed, though Mrs. Angeli said she signed them reluctantly. While the adoption proceedings were pending Mrs. Angeli filed this habeas corpus proceeding. The appeal is from a judgment granting her the relief sought.

The Angelis now make their home in Harlan where Mr. Angeli receives approximately $300 a month as a coal miner. Under an Oklahoma decree he is required to pay $40 monthly for support of two children by his former marriage. He said that he was a month in arrears in his maintenance payments. Mrs. Angeli now has custody of her other illegitimate child, who is five years of age. The evidence introduced concerning Mrs. Angeli's character dealt mainly with the births of her two children. Mr. Crase is a coal miner and makes from $300 to $500 a month. He and his wife have cared for the child since its birth and say that they have become very much attached to it. The record shows conclusively that they intended to adopt the child and provide for her as though she were their own. In fact all steps prior to final judgment had been taken in the adoption proceedings when the action now before us was instituted.

Again we are confronted with a most difficult task, namely, the determination from the record before us of what is deemed to be best for a child less than one year

of age. We have consistently held that a mother is entitled to the custody of a child of tender years, provided she is a person of suitable character and can make reasonably adequate provision for its well-being. Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565; Green v. Kennedy, 304 Ky. 796, 202 S. W. 2d 609; and Belderes v. Jones, 309 Ky. 66, 216 S. W. 2d 39. The Court has carefully considered the record and a majority of the members is of the opinion that the judgment should be affirmed. In reaching this conclusion the Court is not unmindful of the fact that Mrs. Angeli has given birth to two children out of wedlock. It must not be overlooked, however, that there is unrefuted testimony that she married the father of her first child, and that no evidence was introduced showing any misconduct on Mrs. Angeli's part since the birth of her last child. Apparently, she and Mr. Angeli are living harmoniously. His wage is adequate to provide a home for his family, consisting of himself and his wife and Mrs. Angeli's two children, notwithstanding the fact that he is required to pay $40 a month for support of his two children in Oklahoma. Probably it should be mentioned also that Mrs. Angeli manifested her willingness to reimburse the appellants for the funds expended by them in her behalf at the time of the birth of her second child and also for its support.

The record reflects credit on Mr. and Mrs. Crase. They were willing to take Mrs. Angeli into their home in order that she might have a shelter for her second child. They looked after her and the child and did everything within their power to carry out the adoption agreement.

The fact that the appellants have cared for the child as their own, and the fact that Mrs. Angeli has already given birth to two children out of wedlock, convince Chief Justice Sims and the writer of this opinion that it would be best for the child to leave it with Mr. and Mrs. Crase.

Judgment affirmed.