### GIRDLER et al. v. GIRDLER.

Court of Appeals of Kentucky.

May 29, 1953.

Sam C. Kennedy, Somerset, for appellants.

J. Milton Luker, London, Wm. Russell Jones, Somerset, for appellee.

COMBS, Justice.

The opposing parties in this proceeding are the paternal grandparents and the mother of three children. The question is whether the grandparents or the mother should have their custody. The father of the children is a Sergeant in the Air Force

with twelve years' experience and apparently intends to make that his career. The parents of the children are separated but not divorced. The oldest child is 8, the second one is 6, and the youngest is 3 years of age. The children are now in the custody of their grandparents. The trial court gave the custody to the mother, the appellee here.

■ There is no contention that either the mother or the grandparents are unsuitable to the trust. Although the statutory right of the mother to the custody of her children is conceded, KRS 405.020, it is argued by the grandparents that the mother has relinquished her rights in two written contracts. The first contract was signed by her and her husband in 1946. It is, in effect, a reconciliation agreement and contains a gratuitous provision that should appellee fail to be a good mother she would relinquish her rights to the custody of her children to the husband's mother and sister. At the time of this contract the two youngest children involved in this controversy had not been born. Obviously this agreement is not binding now, because of the lapse of time and change of conditions.

A second agreement was signed by appellee and her husband in January, 1953. It is, in effect, a settlement of property rights and a separation agreement made in contemplation of divorce. This agreement provides that should a divorce action be filed by either of the parties the father should have the custody of the three children. A divorce suit was filed by the appellee shortly after execution of the agreement, but was withdrawn before judgment.

■ The grandparents rely on those cases, of which Thompson v. Childers, 231 Ky. 179, 21 S.W.2d 247 is the forerunner, which hold that a parent who voluntarily agrees to surrender the custody of his child to another who is capable of properly caring for it cannot regain custody of the child without showing it would be for the child's best interest. Bridges v. Matthews, 276 Ky. 59, 122 S.W.2d 1021; Rose v. Ledford, 306 Ky. 662, 208 S.W.2d 957; Belderes v. Jones, 309 Ky. 66, 216 S.W.2d 39. Implicit in the opinions in all of these cases is the underlying thought that this rule should be applied with caution and only where its application is fully justified by the facts. In this case, the agreement was signed in contemplation of a divorce which has not been pursued, although it is said in the briefs that the children's father intends to file a divorce suit in his own behalf. The agreement, by its terms, gives the custody of the children to their father and not to the grandparents, who now have their custody. We also note that the appellee was not represented by counsel when the agreement was signed, although there is nothing to indicate she was overreached or coerced.

■ In the final analysis the paramount consideration is the welfare of the children. It is admitted that the mother of these children is a suitable person to have their custody, and no reason is shown why she should not be permitted to perform the duties which nature intended she should perform. In this state of case, we agree with the Chancellor that it is to the best interest of children of such tender age that they be given to their mother.

There is some discussion in the briefs about who has the burden of proof in this type of case. As we view the matter that is not a material question here. The evidence contained in the record is sufficient to convince us that it is to the best interest of the children that they be in the custody of their mother.

The judgment is affirmed.