Ruth O. **LATHEY**, Appellant,

v.

Charles E. **LATHEY**, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

Rehearing Denied Dec. 13, 1957.

Edwin H. Stierle, Steinfeld & Steinfeld, Louisville, for appellant.

Carroll Y. Sanderson, Jr., Louisville, for appellee.

CAMMACK, Judge.

This action was instituted in the Jefferson Circuit Court by the appellee, Charles E. Lathey, against the appellant, his former wife, Ruth O. Lathey, to gain custody of the couple's daughter, Janet Ruth Lathey, age 13. The parties were divorced in Nevada, in 1950, and Ruth Lathey was awarded custody of the child. The basis of the appellee's claim for custody was change of circumstances and fitness of the parties. In his amended complaint Lathey asserted that he had established his residence and domicile in the State of Kentucky, and that he resided on property of the United States Government at Fort Knox. Ruth Lathey, who is a resident of New Jersey, filed an answer and counterclaim for custody of the child through a writ of habeas corpus.

The trial court dismissed both the complaint as amended and the counterclaim for want of jurisdiction over the subject matter of the action, namely, the parties' infant daughter, Janet Ruth Lathey. Charles Lathey did not appeal. Ruth Lathey is appealing from the action of the trial court in dismissing her counterclaim for lack of jurisdiction. Charles Lathey has filed no brief in this Court.

The appellant and appellee were married in 1942. Janet Ruth Lathey was born in 1944. After the divorce the mother and child lived with Ruth Lathey's mother, in New Jersey. The appellee remarried shortly after the divorce, and, since April, 1955, except for three days during which they lived in a motel, he and his wife have resided on the Fort Knox Military Reservation. For a time they lived at "Wherry Housing" which was built by private capital on land leased from the Federal Government, but later they moved into government-owned officers' quarters. Both the privately owned and government-owned housing were on the Military Reservation. The appellant has stated his intent to remain in Kentucky.

In 1955, due to a sale of the house of the maternal grandmother, the appellant requested the appellee to take the daughter temporarily. The daughter moved in with the appellee and his wife at Fort Knox where she remained until Christmas of 1956. At that time the mother requested the child's presence for the holiday period, and she was sent to New Jersey, the appellee and the appellant sharing expenses for plane fare. On December 31, 1956, before returning the daughter to the appellee, the two parties executed a stipulation which purported to ratify and confirm the provisions of the Nevada decree. On January 20, 1957, the appellee filed his complaint seeking custody of the child on the grounds of changed conditions and fitness of the parties. The child was at that time, and is now, on the Fort Knox Military Reservation with the appellee.

The appellant contends that (1) where both parents were before the Nevada court in a divorce action that court had power to award custody of their minor child to one of the parents, despite the fact that the child was domiciled in another state; (2) domicile of the child in the forum is not necessary for jurisdiction in a habeas corpus proceeding; and (3) the wife is entitled to a reasonable fee for her attorney, to be taxed

**922**

as costs, in a custody action instituted by the husband.

The appellant argues that the Nevada decree was valid in all respects, including the award of custody to her, and that the appellee is illegally detaining the child at Fort Knox. She argues that, although the child would have to be domiciled in Kentucky to give us jurisdiction in a custody action (Rodney v. Adams, Ky., 268 S.W.2d 940), domicile is not necessary for jurisdiction to grant a writ of habeas corpus. If the Nevada decree was valid in its custody provision, then the appellant is entitled to a writ of habeas corpus to stop the appellee's illegal detention of the child if Kentucky courts have jurisdiction to grant the writ.

 By the terms of KRS 3.030, Kentucky ceded to the United States all rights and jurisdiction over the land and premises constituting Fort Knox Military Reservation. By KRS 3.010, as amended by the 1954 Legislature, the Commonwealth consented to the acquisition by the United States of lands in this State, by condemnation, gift or purchase, when they are needful to their constitutional purposes, without ceding jurisdiction by this Commonwealth. The 1954 Act could not change KRS 3.030 so as to give Kentucky jurisdiction over Fort Knox Military Reservation, and could not do so retroactively. It follows that persons on the Fort Knox Military Reservation are not within the jurisdiction of the Kentucky courts.

KRS 403.035 grants the use of Kentucky courts in counties adjacent to military reservations in this State to inhabitants of those reservations, subject to certain requirements, for purposes of divorce. This statute is limited to divorce, and can not be construed as granting jurisdiction over the person of a child who was never brought before the court.

Granting the validity of the Nevada decree and the contention of the appellant that domicile is not a requisite for a writ of habeas corpus, the Kentucky courts can not grant the writ since the child sought is not present in this jurisdiction.

The appellant argues that, if we refuse to take jurisdiction, she is left without a remedy since the Federal Courts refuse to take jurisdiction in child custody cases. Although the Federal Courts may refuse to take jurisdiction in child custody cases, a different question might be presented where a child is being detained illegally within their jurisdiction. See United States ex rel. Schneider v. Sauvage, C.C., 91 F. 490, 492.

In her third argument on appeal the appellant claims that the wife is entitled to attorney's fees, to be taxed as costs, in a child custody action instituted by the husband. It is our opinion that the appellant is entitled to an attorney's fee to be taxed as costs in the trial court where the action was instituted by the appellee, but that the attorney's fee in prosecuting the appeal from the dismissal of the counterclaim for a writ of habeas corpus should be borne by the appellant. The trial court should fix the attorney's fee in the action before him.

Judgment affirmed in part and reversed in part, with directions for proceedings consistent with this opinion.