**Rosa VALENTINE, Appellant,**

**v.**

**Geraldine GOODIN, Appellee.**

Court of Appeals of Kentucky.

Sept. 23, 1960.

Floyd Taylor, Pineville, for appellant.

J. H. Taylor, W. J. Stone, Pineville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment in a habeas corpus proceeding prosecuted under Sections 399–429 of the Criminal Code of Practice. The controversy involves the

custody of infant children, but as will be noted later, it does not involve the ultimate right of custody as between parents.

Appellant is the paternal grandmother, with whom the children were living in Bell County, Kentucky. Appellee, the mother, resides in Michigan. The father has moved to Florida.

The unsatisfactory record we have before us shows that there was a divorce action pending in Michigan between appellee and her husband. She formerly had the custody of the children before they were taken to Florida by the husband and later removed to Bell County by the husband's mother, the appellant. There appears in the record a copy of a judgment of the Wayne Circuit Court of Michigan awarding custody of the children to appellee. However, this was not certified as required by CR 44.01.

The trial court made a finding that the father had taken the children from Michigan and had them removed to Kentucky to defeat the jurisdiction of the Michigan and Florida courts. Full force and effect was given to the Michigan decree and the children were awarded to appellee.

· Appellant contends that the trial court did not have jurisdiction and that the mother was not a fit person.

This is a true habeas corpus proceeding based upon the illegal restraint of the children and raises the single question of the immediate right of custody. The distinction between this type of proceeding and one wherein habeas corpus initiates an equitable proceeding for the determination of the ultimate right of custody was discussed in Chamblee v. Chamblee, Ky., 248 S.W.2d 422. See also May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221.

█ Clearly the Bell Circuit Court had jurisdiction because the children were physically present in Bell County. See Lathey v. Lathey, Ky., 305 S.W.2d 920, and Chamblee v. Chamblee, above cited.

█ Even if we ignore the Michigan decree (because not properly certified), since appellee is the mother of the children she has a prima facie right to their custody. KRS 405.020. Appellant has shown no such right whatsoever either by response to the writ required by Criminal Code of Practice, § 410 or by evidence introduced in the proceeding. Consequently as between these two parties, the immediate custody of the children must be awarded to the mother.

█ As pointed out above, the ultimate right of custody is not involved in this proceeding. Therefore the alleged unfitness of the mother is not a relevant issue.

The judgment is affirmed.