**Romana E. MARKHAM, Appellant,**

v.

**Henry W. MARKHAM, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Powell Duff, Harold K. Huddleston, Huddleston & Van Zant, Elizabethtown, for appellant.

John L. Arnett, William S. Cooper, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

This appeal is taken from an order modifying a 1965 judgment insofar as it affected the question of custody of children and child-support payments.

During the year 1964, while appellee, Henry W. Markham, was a member of the armed services stationed at Fort Knox, Kentucky, he filed a suit in Hardin Circuit Court pursuant to KRS 403.035, in which he sought a divorce and other relief. At that time, appellant, Romana E. Markham, and her two children were residents of Connecticut. After receiving notice of the suit, appellant entered her appearance in the Hardin Circuit Court by filing an answer demanding divorce, custody of the children, and support for them. Shortly, the parties agreed that appellant have custody of the children and judgment for $300 per month for their support. Judgment was entered August 12, 1965, granting divorce and approving the agreement as to custody and support.

In January 1970, appellee filed a motion in Hardin Circuit Court for modification of the 1965 judgment to reduce the support payments from $300 to $150 per month and for the custody of the youngest child, a son, for 30 days during summer recess from school. Appellant was notified of the filing and the hearing date of this motion. She filed objection to the jurisdiction on the ground that she and the children were residents of Connecticut, not Kentucky. After hearing testimony, the chancellor ordered the monthly payments reduced to $175 (apparently on the theory that the older child was then 19 years of age, having reached and passed her "majority" before that time) and sustained appellee's motion for part-time custody of the son.

Appellant argues that KRS 403.035 confers jurisdiction on the courts of this state for the sole purpose of granting a divorce. She cites Lathey v. Lathey, Ky., 305 S.W.2d 920. True, *Lathey* stands for just what appellant argues, but she overlooks the fact she entered her appearance (and that of the children) when she came to Kentucky in 1965 and filed answer invoking the jurisdiction of our court. *Lathey* does not apply. It was unnecessary that the children be domiciled in Kentucky in 1964. Batchelor v. Fulcher, Ky., 415 S.W.2d 828 (1967).

Appellant argues that the trial court erred in ignoring Connecticut statutory law on the age of majority (21), and invoking the Kentucky statute fixing age 18 as the time infants reach their majority. We find this argument contrary to the weight of authority (Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269) and to our rule in Callahan v. Callahan, 296 Ky. 444, 177 S.W.2d 565

(1944). This court decided in Young v. Young, Ky., 413 S.W.2d 887, that under normal conditions the obligation to support a child by the parent terminated on the eighteenth birthday of the child under our recent statute (KRS 2.015). Furthermore, appellant did not argue this point in the trial court. CR 46.

The judgment is affirmed.

All concur.