Dorothy Jean **FITZGERALD, Appellant,**

v.

**Marguerite DAVIDSON, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

William G. Reed, Carrollton, for appellant.

William A. Carter, Carrollton, for appellee.

STEINFELD, Judge.

Appellee Marguerite Davidson is the mother of Zmona Davidson, an infant girl less than one year of age. On March 5, 1971, when Zmona was about six months of age, Marguerite and her husband, Zmona's father, voluntarily left the child at the home of appellant Dorothy Jean Fitzgerald and her husband. It is claimed that the Fitzgeralds agreed to care for Zmona as if she were their own daughter in consideration for the promise that they would be permitted to formally adopt her. Thereafter, Marguerite's husband gave his written consent to the adoption but she never did.

On June 17, 1971, Marguerite filed a petition for a writ of habeas corpus in the Carroll Circuit Court to gain possession of Zmona.[1] She alleged that Dorothy had

---

1. Neither the father of Zmona nor the husband of Dorothy was made a party in the action, but no contention is made of this fact.

seized her daughter and was unlawfully restraining her of her liberty. Dorothy denied that the child had improperly or illegally come into her possession and denied any unlawful restraint. She pleaded affirmatively that Zmona was left with her under an agreement that she would care for the child and Zmona's parents would consent to her adoption. She also charged that "Marguerite Davidson is not a fit or proper person to have the custody of said child, and that it is to the best interest of Zmona Davidson to remain with (Dorothy) and her husband."

■ On June 21, 1971, the trial court, without, an evidentiary hearing, summarily ruled that Dorothy had " * * * produced no legal grounds to hold the * * * child" and ordered her to immediately deliver Zmona to her mother. Upon making known her intention to appeal, the trial court, pending final determination, permitted her to retain possession of Zmona, conditioned upon the execution of a supersedeas bond.

It is our opinion that the pleading filed by Dorothy brought this case within the ambit of the rationale we expressed in Galloway v. Pruitt, Ky., 469 S.W.2d 556 (1971), which requires that Dorothy be given an opportunity to introduce proof on the issues raised.

■ Rose v. Ledford, 306 Ky. 662, 208 S.W.2d 957 (1948) as considered in Belderes v. Jones et al., 309 Ky. 66, 216 S.W.2d 39 (1948), demonstrated that where a natural parent has voluntarily relinquished the actual permanent custody of a child to another, if the parent claims the right to a return of custody of the child to him he must show that the return of custody will not be harmful to the child or detrimental to the child's best interest. Some cases which have dealt with the rights of parents to reclaim children from non-parents are Skaggs v. Gannon, 293 Ky. 795, 170 S.W.2d 12 (1943); Lee v. Thomas, 297 Ky. 858, 181 S.W.2d 457 (1944); Welsh v. Young, Ky., 240 S.W.2d 584 (1951); Higgason v.

Henry, Ky., 339 S.W.2d 929 (1960); Manion v. Cofer, Ky., 459 S.W.2d 76 (1970), and Killen v. Parker, Ky., 464 S.W. 2d 815 (1971). In some cases the parent succeeded and in some he did not.

The judgment is reversed for further proceedings consistent herewith.

All concur.