**Luther LITTLE and Luther Little, guardian, etc., Appellants,**

v.

**COMMONWEALTH of Kentucky and Department of Child Welfare, et al., Appellees.**

Court of Appeals of Kentucky.

April 20, 1973.

Rehearing Denied June 29, 1973.

————◆————

Anthea Mary Boarman, Kentucky Juvenile Defender Program, Lexington, Paul F. Isaacs, Lexington, David Murrell, Lexington, Bruce Viles, Appalachian Research & Defense, Lexington, for appellants.

Lynn T. Mitchell, Frankfort, Mortimer J. Stamm, Dept. of Child Welfare, Frankfort, for appellees.

STEINFELD, Justice.

Appellant Luther Little, as guardian of his 16-year-old daughter, Ida Mae Little, brought this class action in the Franklin Circuit Court on her behalf and on the behalf of all other persons similarly situated against the Commonwealth, the Department of Child Welfare and the Commissioner of that department. Ida Mae had been found guilty of two offenses—"drug abuse" and "breaking probation"—by the Owsley County Juvenile Court and was committed to the Department of Welfare. The relief sought was "* * * to have the Court declare that the Department has the duty to determine if the children committed are afforded their constitutional rights to counsel and to enjoin (the Department) from further exercising control over the children under commitment to them without the benefit of counsel." The release of all inmates who were not tried by constitutional standards was demanded. The trial court ordered that the suit could be maintained as a class action, CR 23.01, and, after considering it on the merits, dismissed the action. From that judgment Little appeals. We affirm.

The circuit court held that this action was a collateral attack on the judgment entered in the juvenile court. In its opinion it stated that the complaint alleged that the juvenile court judgment was void, and it commented that the infant was attempting to represent "* * * a class of persons confined in institutions of Kentucky administered by the * * * Department * * * under *other* judgments, of *other* courts, said to be similarly defective." It stated that discovery procedures had been conducted and that " * * * purely *hearsay* statements are afforded in support of the alleged fatal defects in not only the Owsley County judgment but in a number of others not even in the record." It concluded that " * * * the suit is in reality

a shotgun petition for mass habeas corpus" and it noted that " * * * a writ of habeas corpus can only command the bringing of the person detained, by the custodian, *before the circuit judge of the county in which the person is being detained* (KRS 419.030) and venue could not lie in Franklin County where it is not shown that the Department * * * is 'the person having the actual custody of the person restrained.'" It concluded that "* * * even if it be considered that the Department * * * is 'the person having actual custody' of the plaintiff, or any of the persons she claims to represent, there is no competent evidence of probative value to support collateral attack on any judgment."

The complaint asked for damages of $50.00 for wrongful detention, for a declaratory judgment under KRS 418.040, holding that all minor children not represented by legal counsel in the juvenile court proceedings are unlawfully committed to the Department, and for an order enjoining the Department from detaining Ida Mae and other children who are not represented by legal counsel during juvenile court proceedings. Additionally, appellant demanded an injunction to prohibit the Department from accepting further commitments of children not represented by counsel during the juvenile court proceedings. Finally, she requested that the Department be required to adopt forms and procedures to insure counsel representation and protection of constitutional rights in all juvenile court proceedings.

On this appeal the appellant argues that the question is not whether there was sufficient evidence presented " * * * in order for the trial court to make a determination as to whether certain juveniles should be released * * * because they did not have counsel in their commitment hearing," but rather the question is if "* * * there was sufficient evidence and more to create a duty on behalf of the appellee to determine whether or not juveniles within the appellee's custody are being lawfully detained—that is, whether or not juveniles had their right to counsel as provided by the Sixth Amendment of the Federal Constitution as applied to the states through the Fourteenth Amendment."

We view this suit as multi-purpose litigation presenting several related and unrelated issues although it is readily apparent that the basic relief sought was to secure the release of Ida Mae which gave the suit the character of a habeas corpus proceeding. KRS 419.020, which governs such proceedings, requires that the writ of habeas corpus be issued when the petition is accompanied by an affidavit showing probable cause that the sought-for person is being unlawfully detained. Here no affidavit was offered and venue was not established. The writ was properly refused. Cf. Lathey v. Lathey, Ky., 305 S.W.2d 920 (1957).

As to the additional claims, we consider the rule stated in Scott v. Scott, Ky., 445 S.W.2d 871 (1969), as qualified in Galloway v. Pruitt, Ky., 469 S.W.2d 556 (1971), controlling. In Scott we said:

"The procedure is designed for the determination of one limited question—the right to immediate possession—and it would be a perversion of the procedure to allow other issues to be injected by whatever form of pleading."

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.