**George Michael RADDISH, Appellant,**

v.

**Deborah Lynn RADDISH (now Dodge) and Donald H. Smith, Appellees.**

**Deborah Lynn RADDISH (now Dodge) and Donald H. Smith, Cross-Appellants,**

v.

**George Michael RADDISH, Cross-Appellee.**

Court of Appeals of Kentucky.

June 17, 1983.

Gilbert Hale Nutt, Terry E. Fox, Louisville, for appellant.

Donald H. Smith and J. Daniel Landrum, Louisville, for appellees.

Before HAYES, C.J., and MILLER and PAXTON, JJ.

PAXTON, Judge.

George Michael Raddish appeals from a judgment of the Jefferson Circuit Court granting custody of his step-son, Jonathan Metzger, to his wife (biological mother of Jonathan), awarding maintenance to her, and awarding a fee to her attorney. Deborah Lynn Raddish (now Dodge) cross-appeals from that part of the judgment granting custody of the parties' two children to George, and setting the amount of maintenance. Donald H. Smith, Deborah's attorney, appeals from that part of the judgment setting the amount of his fee.

Deborah, prior to her marriage to George, gave birth to Jonathan who is admittedly not George's son. Jonathan's father, instead of seeking custody, testified on behalf of George at the hearing. During their marriage, Deborah and George had two children, Anna and Michael.

The trial court made detailed findings of evidentiary facts and concluded that it was in the best interests of the children that their custody be awarded to George. Custody of Anna and Michael was duly granted to George, but the trial court granted custody of Jonathan to Deborah because it did "not find [her] ... unsuitable to the task of raising the child." George argues that the trial court erred because (1) Deborah contracted to give him permanent custody of Jonathan, so the test of which person is to have custody shifts from the "fitness of the natural parent" test back to the usual "best interests of the child" test, and (2) the evidence does not support the finding of Deborah's fitness to raise the child.

Although KRS 405.020(1) provides that a *surviving* parent, if suited to the trust, shall have custody of children under the age of eighteen, we believe it applies with equal force to the case at bar where one of the natural parents has abandoned the child. The rule has been announced many times in this Commonwealth that in order for a non-parent to prevail in a child custody suit with a parent, the non-parent

must prove that the parent is not suitable for the trust *and* that the best interests of the child will be served by placing it with the non-parent. *Chandler v. Chandler,* Ky., 535 S.W.2d 71 (1975); *Reynardus v. Garcia,* Ky., 437 S.W.2d 740 (1968). The burden of proving unfitness is on the non-parent. *Berry v. Berry,* Ky., 386 S.W.2d 951 (1965). It is not necessary, however, to show the parent unsuited for the trust if it is proved that the parent abandoned the child, *Shaw v. Graham,* Ky., 310 S.W.2d 522 (1958) or entered into a voluntary agreement that the non-parent could have custody. *Rose v. Ledford,* 306 Ky. 662, 208 S.W.2d 957 (1948); *Belderes v. Jones,* 309 Ky. 66, 216 S.W.2d 39 (1948). The agreement must also be of a permanent nature. *James v. James,* Ky., 457 S.W.2d 261 (1970).

In the case at bar the trial court, during the hearing for temporary custody, found:

> On or about January 6, 1979, respondent [Deborah] requested petitioner [George] to take custody of the children in order that she might get herself straightened out.

and, at the permanent custody hearing:

> . . . [T]he Court does not find that the Respondent is unsuitable to the task of raising the child. Accordingly, the Respondent has a prior right to custody of the child as opposed to Petitioner, who is not related except by circumstances.

We believe the court's finding on the agreement Deborah made with George that he should keep the children "in order that she might get herself straightened out" is equivocal. Certainly, the finding is not sufficient to support the conclusion that Deborah entered into a permanent agreement. *See James v. James, supra.* If, on remand, the trial court finds that Deborah entered into a free and voluntary agreement with George that he was to have permanent custody of Jonathan, then the test for change of custody is the best interests of Jonathan, and because the trial court has already made that determination, custody of Jonathan should be granted to George. However, if the trial court finds that the agreement was not free and voluntary, or that it was not for permanent custody, then custody of Jonathan should remain with Deborah because the test is Deborah's fitness and the trial court has already determined that she is suited to the task.

Deborah argues on her cross-appeal that the court erred in granting custody of Anna and Michael to George. These two children were born to the parties during their marriage. The trial court has made detailed findings of fact that are supported by the evidence and thus are not clearly erroneous. CR 52.01.

George argues that Deborah was not entitled to maintenance and that he should not be required to pay a fee to her attorney. Deborah argues to the contrary. Again, the trial court touched all bases in its findings of fact and reached an equitable conclusion in awarding Deborah $3,000.00 for past-due maintenance and denying future maintenance. The court also ordered George to pay the costs of the action and $3,000.00 of a $7,000.00 fee requested by her attorney. We do not find that the trial court abused its discretion in making these awards. *Casper v. Casper,* Ky., 510 S.W.2d 253 (1974) (maintenance); *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512 (1975) (attorney's fee).

The judgment of the Jefferson Circuit Court is affirmed on the cross-appeal, reversed on the direct appeal, and remanded for further proceedings consistent with this opinion.

All concur.